Nov. Term,
1857.

YOAST
v.
WILLIS.

---

## YOAST and Others *v.* WILLIS.

Section 178, 2 R. S. p. 289, provides that the heirs, &c., of a decedent shall be liable to the extent of the property received by them, &c., to any creditor whose claim remains unpaid, who, six months prior to such final settlement was out of the state; but that such suit must be brought within one year after the disability is removed. *Held,* that the disability is not removed by notice of the death of the ancestor and the appointment of an administrator; but the commencement of an action for the same demand, and the mainte-

nance of the same until within the six months, when it was dismissed, removes the disability, and allows the limitation of one year to run. But *quære*, whether that limitation itself is constitutional.

APPEAL from the *Henry* Court of Common Pleas.

STUART, J.—*Matilda Willis* sued *Yoast* and others, heirs of *Yoast*, deceased. She claimed that the estate owed her 280 dollars, by note executed *December*, 1851, which still remains unpaid, and that the note is lost; that the estate is now settled up, order of distribution made, and the surplus paid over to the defendants as heirs; that the assets so received are sufficient to satisfy the debt in whole or in part; that the complainant, for six months prior to the settlement, and still, resides out of the state of *Indiana*. She demands judgment for the note and interest, and for general relief.

The adult defendant, *C. Yoast*, answered, 1. By general denial. 2. That the note was given without any consideration. 3. That on the 16th of *August*, 1853, the plaintiff filed her same identical claim in the Common Pleas Court of *Henry* county; that it was dismissed in *January*, 1855; and that on the 16th of *August*, 1855, the present suit was commenced.

The minors, by their guardian *ad litem*, answer also; and besides the usual answer in such cases, also plead the third paragraph above set out in *C. Yoast's* answer.

Demurrers to the third paragraph in each answer, and issue on the others. The demurrer is confined to the one point, that the answer does not state facts sufficient to constitute a defense. The demurrers were sustained; and the other issues being submitted to the Court, there was a finding and judgment for the plaintiff for the note and interest.

A motion for a new trial was interposed at the time, and on its being overruled, a bill of exceptions was filed embracing all the evidence.

The issues of fact tried by the Court are not within our reach. We must sustain the finding, unless it is obviously unsupported by evidence; and that we cannot say in this case.

The only question is on the demurrer to the third paragraph.

The statute relied upon by the appellant is section 178, 2 R. S. p. 289, as follows: "The heirs, devisees and distributees of a decedent, shall be liable to the extent of the property received by them from such decedent's estate, to any creditor whose claim remains unpaid, who, six months prior to such final settlement was insane, an infant, or out of the state; but such suit must be brought within one year after the disability is removed."

The appellant argues that the disability occasioned by living out of the state, within the meaning of this section, is removed whenever the plaintiff has had actual notice of the death of the ancestor, and the appointment of an administrator; and that the suit can only be brought in one year after that notice.

If such was the meaning of the legislature in the section quoted, they have certainly been very unfortunate in expressing it.

The complaint avers that the plaintiff was out of the state for six months prior to the final settlement; and still remained so. The third paragraph is a denial of that allegation. The safest rule is, to presume that the legislature meant what they have said; and there is certainly nothing said in relation to notice.

One cause of disability is, being out of the state six months prior to such final settlement. What shall be regarded by the Courts as a removal of that disability, so that this peculiar statute of limitations shall run, is not so easily determined. But a majority of the Court are of opinion, that the act of commencing suit in *Henry* county in *August*, 1853, was a coming into this state, in such a manner as, within the meaning of the statute, to remove the disability, and permit the statute limitation of one year provided in the same section, to run. In this view, the third paragraph of the answer was a good bar to the action, and the demurrer should have been overruled.

Whether this limitation clause, in the position and under the title in which it is found, be constitutional, has not been argued, and we intimate no opinion. That question can be presented and reserved in the Court below.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. Grose*, for the appellants.

*E. Johnson*, for the appellee.