Filed Feb. 1, 1884.

———————◆———————

No. 10,874.

BUSENBARK ET AL. *v.* HEALEY.

DECEDENTS' ESTATES.—*Suit Against Heirs.—Statute Construed.*—A creditor, who, within six months next before the final settlement of a decedent's estate, has prosecuted his claim before the court of this State having jurisdiction of the estate, is not authorized by section 2442, R. S. 1881, to sue the heirs, devisees or distributees.

From the Montgomery Circuit Court.

*T. H. Ristine, B. T. Ristine* and *H. H. Ristine,* for appellants.

*J. B. Engle,* for appellee.

HAMMOND, J.—This was an action under section 2442, R. S. 1881, by the appellee against the appellants as distributees of the estate of John H. Busenbark, deceased, upon a promissory note executed by the decedent in his lifetime.

The appellants answered, in substance, that letters of administration were issued upon the decedent's estate on the 25th of February, 1881; that said estate was finally settled, after due notice, and the administratrix discharged on May 26th, 1882; that on the 9th of September, 1881, the appellee filed, as a claim against said estate, the same note now sued upon, and prosecuted such claim until May 5th, 1882, when he voluntarily dismissed it at his own costs.

The court sustained the appellee's demurrer to the answer on the ground that it did not state facts sufficient to constitute a defence to the complaint. This ruling was excepted to, and the error assigned thereon is the only one discussed in the appellants' brief.

Section 2442, *supra*, reads: " The heirs, devisees, and distributees of a decedent shall be liable, to the extent of the property received by them from such decedent's estate, to any creditor whose claim remains unpaid, who, six months prior to such final settlement, was insane, an infant, or out of the State; but such suit must be brought within one year after the disability is removed: *Provided,* That suit upon the claim of any creditor out of the State must be brought within two years after such final settlement."

The appellants' answer shows that the appellee's claim was filed against the decedent's estate about eight months before its final settlement, and that he continued to prosecute it against such estate up to within twenty-one days of its final settlement, when he voluntarily dismissed it. Under the facts stated, we think that he must, in legal effect, be regarded as having been in the court, and consequently not out of the State during the whole of the six months prior to the final settlement of the estate. A non-resident of the State, or one absent therefrom, who prosecutes an action in any court in

the State, either in person or by attorney, brings himself within the jurisdiction of the court. He is regarded as being present in the court. The court has jurisdiction of his person as well as of the subject-matter of the action. In *Yoast* v. *Willis*, 9 Ind. 548, it was held that the filing, by a non-resident, of a claim against a decedent's estate was coming into the State, so as to remove the disability of the claimant under the above statute as it stood prior to the present code. See, also, *Voris* v. *State, ex rel.*, 47 Ind. 345.

The answer, we think, was sufficient.

Judgment reversed at the appellee's costs, with instructions to overrule the demurrer to the answer and for further proceedings.

Filed Feb. 1, 1884.