Brown's Administrator *v.* Lucas and Others.

An application for a review must be made within three years from the date of the judgment.

APPEAL from the *Cass* Circuit Court.

PERKINS, J.—On the 3d day of *November*, 1857, *Lucas, Simonds*, and others recovered judgment in the *Cass* Circuit Court against the *Wabash Valley Bank*, one of the free banks of *Indiana*, and *Brown* and others, stockholders therein. The judgment was specific as to the amount each of the stockholders was to pay.

The record of the suit in which that judgment was rendered, does not appear in the transcript of the cause now before us, and we can not say therefore, what was adjudicated in it. An execution was issued upon the judgment mentioned, and levied upon the property of *Brown*, one of the stockholders, against whom a judgment individually was rendered. The case now before us was instituted by *Brown* to enjoin a sale of his property on that execution, and he set up in his first complaint, that before that judgment was rendered, he had paid the amount, or nearly so, for which he was liable as a stockholder, to the bank, or to other creditors of the bank; that other stockholders had not paid, &c.; and that he thought the bank had assets in the hands of a trustee, &c.; and that the bank did not comply with the requisitions of the act of 1855, and, consequently, in that year ceased to exist as a corporation.

Thus stood the complaint up to the *January* term, 1861, when the plaintiff asked leave to amend his complaint so as to make it a suit for a review of the judgment of *November*, 1857, for errors of law appearing on the face thereof, and for newly discovered matter. The defendant objected, but the Court allowed the new paragraph for a review to be filed. The Court erred. It was the first application for a review, and was filed after the expiration of three years from the rendition of the judgment sought to be reviewed. The Court then sustained a demurrer to the whole complaint, and, we think, rightly.

It was for the plaintiff to make out a case. The burden was on him. He should have set out a full transcript of the suit against the bank and the stockholders, and shown that the matters now brought forward were not adjudicated and settled in that suit.

His paragraph for a review, had it been filed in time, was wholly insufficient.

*Per Curiam.*—The judgment is affirmed, with costs.

*E. Walker,* for the appellant.

*D. D. Pratt,* for the appellee.