No. 7538.

### BRISCOE v. JOHNSON, EXECUTOR.

PLEADING.—*Exhibits.*—Where exhibits are of such a character as not to become a part of a pleading by being filed with it, a demurrer to the pleading raises no question upon them or their validity, and the sufficiency of such pleading must be determined by its averments.

LEGAL DISABILITY.—*Presumption.*—When disability is not alleged it will be presumed not to exist.

GUARDIAN AND WARD.—*Final Settlement.—Limitation.*—The same limitation applies to the time in which an action may be commenced to set aside the final settlement of a guardian, as to actions to set aside the final settlement of an executor or administrator.

SAME.—*Former Adjudication.*—So long as the final settlement of a guardian remains in force, it is an adjudication of the matters lawfully embraced within it.

From the Spencer Circuit Court.

*C. L. Wedding*, for appellant.
*T. F. DeBruler*, for appellee.

NIBLACK, J.—This was an action by Sarah A. Johnson, formerly Sarah A. Williams, and her husband, Elbert John-

son, against William Briscoe, to set aside a final settlement made by the defendant as the late guardian of the said Sarah, and to recover a sum of money alleged to be due from him as such late guardian. The action was commenced on the 17th day of January, 1878, and the complaint as originally filed contained but one paragraph. The defendant answered in several paragraphs, but before the issues, which were tendered by his answer, were closed, the plaintiffs filed a second paragraph to their complaint, which seems to have been mutually accepted as a substitute for the original complaint, and to have constituted the complaint upon which all the subsequent proceedings were based. The defendant demurred to the second paragraph of the complaint, for want of sufficient facts, but his demurrer was overruled. Before the issues were fully formed upon this second paragraph of the complaint, the death of Sarah A. Johnson was suggested, and Elbert Johnson, as the executor of her will, was substituted as sole plaintiff in the action. The court to which the cause was submitted for trial found that there was due to the plaintiff, in his capacity as executor as above stated, the sum of two thousand one hundred and sixty-five dollars and forty cents, and rendered judgment accordingly against the defendant for that sum.

The second paragraph of the complaint averred that on the 19th day of August, 1858, the defendant was duly appointed and became guardian of the person and estate of the plaintiff Sarah, then Sarah A. Williams, and as such guardian came into the possession of her estate; that on the 10th day of May, 1869, the defendant reported to the court of common pleas of Spencer county, that the said Sarah had arrived at full age, and that he was indebted to her, as her said guardian, in the sum of $3,132.17, with which sum he was then and there, as such guardian, charged by said court; that on the 13th day of May, 1870, the defendant filed with the clerk of the said court of common pleas

of Spencer county a receipt, purporting to be executed by the said Sarah, for said sum of $3,132.17, and procured said court to enter an order discharging him from all further duties as such guardian ; that the receipt so purporting to be executed by the said Sarah, and so filed by the defendant, was forged, false and fraudulent, and that the order discharging him from further duties as such guardian was thereby fraudulently procured to be entered by said court of common pleas ; that the said Sarah never executed said receipt, nor authorized any one else to execute the same for her, and that the defendant never paid the said Sarah said sum of $3,132.17, or any part thereof. Wherefore the plaintiffs asked that the order of the common pleas court discharging the defendant from further duties as guardian of the said Sarah might be set aside, and demanded judgment for said sum of $3,132.17, with interest thereon. Copies of the said order of the common pleas court, made on the 10th day of May, 1869, of the receipt purporting to be executed by the said Sarah, and of the order of said court finally discharging the defendant as guardian, were filed with the complaint, and referred to as exhibits in the cause.

Error is assigned upon the overruling of the demurrer to the second paragraph of the complaint. In the argument upon the sufficiency of this paragraph, frequent reference is made to the exhibits accompanying the complaint, but as these exhibits were of a character which do not become a part of the complaint by being filed with it, the demurrer raised no question upon them, or upon the validity of the proceedings of which they formed a part. *Parsons* v. *Milford*, 67 Ind. 489. Consequently, in determining whether or not the paragraph of complaint in question was sufficient, we must look only to the averments contained within the paragraph itself, unaided by the exhibits which were filed in connection with it. The obvious inference from the facts averred in the paragraph is, that the plaintiff Sarah was of full age-

when the defendant made the final settlement, as her guar-- dian, which she sought to have set aside, and that she was under no disability at the time such final settlement was made. When disability is not alleged it will be presumed not to exist, ability being the rule and disability the exception. *Palmer* v. *Wright*, 58 Ind. 486.

The right to have the final settlement of an executor, ad- ministrator or guardian set aside, in certain cases, is con- ferred by statute, and can only be exercised within a limited time. When, therefore, the complaint shows that the action to have such a settlement set aside has not been commenced in time, it is bad upon demurrer. Angell Limitations, sec. 294; *Hanna* v. *The Jeffersonville, etc., R. R. Co.*, 32 Ind. 113; *Brown's Adm'r* v. *Lucas*, 18 Ind. 286; *Potter* v. *Smith*, 36 Ind. 231.

An action to set aside the final settlement of an executor or administrator must be commenced within three years, and where the party aggrieved is under disability when the set- tlement is made, then within three years after the disability is removed.   2 R. S. 1876, p. 537, sec. 116.

Settlements made by a guardian have been held to fall within the provisions of the act concerning the settlement of decedents' estates, and hence the same limitation applies to an action to set aside the final settlement of a guardian as does to cases of final settlement by executors and admin- istrators.   *The State, ex rel.*, v. *Hughes*, 15 Ind. 104; *Holland* v. *The State, ex rel.*, 48 Ind. 391.

So long as the final settlement of an executor, adminis- trator or guardian, remains in force, it is to be considered an adjudication of the matters lawfully embraced within it, and as a bar to an action seeking to reopen questions settled by it.   *Parsons* v. *Milford*, *supra*.

The second paragraph of the complaint failed to make out a case entitling the plaintiffs to relief against the de-

Lawler v. McPheeters et al.

fendant, and the demurrer to it ought to have been sustained.

As the judgment must be reversed for want of a sufficient complaint, we need not consider other questions discussed by counsel.

The judgment is reversed, with costs, and the cause remanded for further proceedings.