Filed Jan. 21, 1886.

———————◆———————

No. 12,074.

## CARVER *v.* LEWIS, ADMINISTRATOR.

DECEDENTS' ESTATES.—*Administrator.*—*Failure to Inventory and Account for Assets.*—*Final Settlement.*—*Conclusiveness of.*—The assignee of the children of a decedent can not maintain an action against the latter's administrator, who has made a final settlement and been discharged, and while such settlement remains in force, on the ground that, as administrator, he failed to turn over to himself, as guardian of such children, their portion of assets of the estate which he failed, as administrator, to inventory and account for, because such final settlement of the decedent's estate was an adjudication that he had properly accounted for all of such assets.

From the Putnam Circuit Court.

*H. H. Mathias* and *J. B. Black,* for appellant.

*D. E. Williamson* and *A. Daggy,* for appellee.

ZOLLARS, J.—Appellant instituted this action to have a claim allowed against, and collected from, the estate of Jacob Durham, deceased, of which estate appellee is administrator. He filed an amended complaint in the circuit court, to which a demurrer was sustained. He seeks by this appeal to have that ruling reversed.

The complaint, in the main, is the same as the complaint in the case of *Carver* v. *Lewis,* 104 Ind. 438. We need not, therefore, set it out here. There is this difference; here the appellant is seeking to recover, as the assignee of two of the children of Benjamin A. Durham, deceased. The assignment

was made to him by said children in 1879, after they had become of age. By this assignment, he claims to have become the owner of the one-third of the amount collected upon the Williams notes by Jacob Durham and his administrator. There are these further and different averments, that during his life, and while he was administrator of the estate of Benjamin A. Durham, Jacob Durham was the guardian of the minor children of said Benjamin A., and that he did not turn over to himself, as such guardian, nor did he as such guardian, receive any portion of said notes, or the money collected upon them. He died while acting as such guardian. Whether or not a final report was made, or a final settlement was had, of his administration as such guardian, is not shown by any averments in the complaint. We are unable to see how these different averments can make any difference in the results in the two cases. The children were not entitled to any portion of the notes, nor the money collected upon them, except as they should receive them or it, as a part of their father's estate, and through the administration of that estate, because, as the complaint shows, there was an acting administrator of the estate, a widow surviving, and debts against the estate. In such a case, neither the children nor their guardian could prosecute an action against the holder of the notes or money. *Walpole's Adm'r* v. *Bishop*, 31 Ind. 156 ; *Bearss* v. *Montgomery*, 46 Ind. 544; *Ferguson* v. *Barnes*, 58 Ind. 169.

The approval of the final report of Jacob Durham as the administrator of the estate of Benjamin A., and the final settlement of the estate, was an adjudication as against interested parties, that all of the notes and money belonging to that estate, in the hands of the administrator, or over which he had any control, or for which he was in any way liable, had been turned over to himself as such administrator, and by him properly disposed of and accounted for. If Jacob Durham, in his individual capacity, in fact held notes and money of the estate which he did not turn over and account for as ad-

ministrator, the wrong was in the administration of that estate, the final settlement thereof, and the discharge of the administrator. So long as that final settlement stands, neither the children, their guardian nor assignee could, or can, recover from Jacob Durham, or the administrator of his estate, on the ground that he held notes and money that he did not, but should have turned into the estate. The children, for cause shown, might have had the final settlement set aside, and the estate re-opened at any time within three years after becoming of age. 2 R. S. 1876, p. 537, section 116; R. S. 1881, section 2403. This they have not done, nor attempted to do. This action is not for that purpose, but to recover notwithstanding such final settlement.

For the reasons here given, and the reasons stated more at length in the case of *Carver* v. *Lewis, supra,* appellant can not recover in this action. The ruling of the court below was correct.

Judgment affirmed, at costs of appellant.

Filed Oct. 13, 1885, petition for a rehearing overruled Jan. 6, 1886.