Horton *et al. v.* Hastings.

No. 14,740.

## HORTON ET AL. *v.* HASTINGS.

| 128 | 103 |
|-----|-----|
| 131 | 115 |
| 128 | 103 |
| 146 | 628 |
| 147 | 582 |
| 128 | 103 |
| 155 | 69 |

GUARDIAN AND WARD.—*Setting Aside Guardian's Report.*—In the absence of a statute providing for the setting aside of the final reports of guardians, such actions fall within the provisions of the act concerning the settlement of decedents' estates.

SAME.—*Action Against Guardian.—Administrator's Discharge.*—The approval of the final settlement and discharge of the administrator precludes the bringing of an action against the guardian, either upon his bond, or to set aside his report.

VENIRE DE NOVO.— *When will be Awarded.*—A *venire de novo* will be awarded only where the special findings are defective in form.

From the Hancock Circuit Court.

*A. L. Ogg,* for appellants.

*J. A. New* and *C. G. Offutt,* for appellee.

MILLER, J.—The appellants brought this action against the appellee to set aside his final report as guardian of Emma Bell Horton.

It appears from the complaint that Emma Bell Horton died, during her minority, leaving the appellant John Horton, her husband, and Laura Collins, a daughter, as her only heirs at law. Upon the death of his ward, the appellee made a report of his trust to the proper court, and his report was approved, and he was finally discharged. On the day of the filing of the report, letters of administration on the estate issued to one Josephus Bills, who entered upon the discharge of his duties as such administrator, made an inventory of the estate, including therein the claims turned over to him by the appellee as her former guardian ; after due administration of the estate the administrator made a final report, and was discharged.

The answers filed were : 1. A general denial. 2d. That the cause of action did not accrue within three years ; and, 3d. That the cause of action did not accrue within six years.

Demurrers were overruled, severally, to the second and third paragraphs of answer, and exceptions saved.

The cause was tried by the court, and, at the request of the plaintiff, a special finding of facts and conclusions of law returned.

In the absence of a statute providing for the setting aside of the final reports of guardians, such actions are held to fall within the provisions of the act concerning the settlement of decedents' estates. *Briscoe* v. *Johnson*, 73 Ind. 573.

By section 2403, R. S. 1881, it is provided that final settlements may be set aside within three years, and that persons interested in the estate, who are under legal disabilities, may file their petitions therefor within three years from the time of the removal, or cessation, of such disability.

The petition to set aside the final report of the appellee as such guardian was filed more than seven years after its approval, and, as the appellant John Horton is not shown to have been under legal disabilities during any portion of that time, as to him the application is clearly barred.

The personal estate belonging to Emma Bell Horton, at her death, went, by operation of law, to her administrator, from whom, and under whom, the ward of the appellant Rosecrans L. Ogg received title. It was the duty of such administrator to fully administer the estate, and if a cause of action existed against the former guardian of his intestate it was his duty to prosecute the same, and to collect all claims and demands, of every nature, due the estate.

The approval of the final settlement and discharge of the administrator precludes the bringing of an action against the guardian, either upon his bond, or to set aside his report. *Carver* v. *Lewis*, 104 Ind. 438; *Carver* v. *Lewis*, 105 Ind. 44; *In re Wood*, 71 Mo. 623.

It follows that the cause of action having accrued to the administrator of Emma Bell Horton, under whom the ward of the appellant Ogg claims title, more than six years before the bringing of this suit, the action is barred, and the court

did not err in overruling the demurrers to. the second and third paragraphs of answer; or in its conclusions of law.

The special findings cover all the questions in the case, are plain and concise in statement, and therefore the court did not err in overruling the motion of appellant Ogg for a *venire de novo.*

The evidence is not in the record, and no question is made in the argument upon the action of the court in overruling the motion for a new trial.

Judgment affirmed.

Filed April 21, 1891.