Filed June 12, 1891.

---

No. 15,047.

**BARNES *v.* SAMMONS ET AL.**

PRINCIPAL AND SURETY.—*Rights of Surety.*—*Suit by Owner of Promissory Note.*—*Surety can not Compel by Proceedings in Equity.*—The surety on a promissory note can not maintain a suit in equity to compel the owner to bring suit upon the note and proceed to collect it, as an adequate remedy at law is afforded by sections 1210 and 1211, R. S. 1881, which provide that the surety, by service of notice on the creditor, can compel him to sue upon the note, and that the creditor's failure to do so will re-lease the surety.

SAME.—*Fraudulent Conveyance by Principal Debtor.*—*Action to Set Aside.*—*When Surety can not Maintain.*—A surety upon a note, who has not paid the debt, can not bring a suit to have a fraudulent conveyance of real estate made by the principal debtor set aside, and have the land de-clared subject to the payment of the debt.

From the Decatur Circuit Court.

*J. S. Scobey*, for appellant.

*J. D. Miller, F. E. Gavin, W. A. Moore, E. P. Ferris, W. W. Spencer* and *J. S. Ferris*, for appellees.

OLDS, J.—The appellant filed his complaint in this action against the appellees, William M. Sammons, Anna Sammons, Mary F. Buckley, Nelson Mowry and Katie Mayer, asking to have certain conveyances of real estate set aside and subjected to the payment of certain notes, and to compel the holders of the notes to proceed to collect the same, or that the appellant be released as surety thereon.

The appellees demurred to the complaint for want of facts, which was sustained, exceptions were reserved, and judgment rendered on demurrer.

The ruling on the demurrer is assigned as error, and presents the only question in the case.

Two questions are presented by this ruling:

*First.* Can a surety upon a note, without having paid the debt, bring a suit to have a fraudulent conveyance of real estate made by the principal debtor set aside, and have the land declared subject to the payment of the debt?

*Second.* Can a surety on a promissory note maintain a suit in equity to compel the owner to bring suit upon the note and proceed to collect it?

As to the last question it must be answered in the negative.

It is a well-settled rule that equity will not intervene and afford relief when the party has a full and adequate remedy at law.

Sections 1210 and 1211, R. S. 1881, afford the surety an adequate remedy. By service of notice on the creditor he can compel him to bring suit on the note, and his failure to do so will release the surety. This is as adequate and complete a remedy as is afforded by proceedings in equity, hence

a proceeding in equity will not lie for this purpose.   It then remains to determine the first question.

Courts of chancery originally took jurisdiction to set aside a fraudulent conveyance after the creditor had obtained his judgment at law, but since our courts of law and equity are blended, and the one court has jurisdiction of actions at law and suits in equity, and grants both equal and equitable relief, the rule has been so modified in this State that the creditor may join the action for judgment on his claim with his suit to set aside a fraudulent conveyance made. by the debtor, and in the same action recover both a judgment on his claim and a decree setting aside the fraudulent conveyance and subjecting the land to the payment of his judgment.   *Field* v. *Holzman*, 93 Ind. 205.

This is the very limit to which we think the rule has been carried in this State, and farther than it has been carried in many others.

The surety may pay the debt and then bring his action and be subrogated to the rights of the original creditor, and bring his action for judgment on his claim and to set aside a fraudulent conveyance.

But, until the surety has been compelled to pay or has sustained some loss, he has no right of action.   He has no lien upon the land of his principal.   His cause of action has not accrued, and he has no right to a judgment or lien upon the land of the debtor until he has paid the debt; then he has a claim against his principal which he has the right to have satisfied out of the property of the principal.   Until then he has no right of action either in law or equity.

Originally, it was necessary for the creditor to allege and prove that he had taken the necessary proceedings at law, viz., that he had recovered a judgment upon his claim before a court of equity would interfere and afford relief.   Pom. Eq. Jur., section 1415.   But, as we have before stated, this rule has been so far modified that he may join his action for judgment upon his claim and for equitable relief; but we

Barnes v. Sammons *et al.*

are not aware that any court has held that, in the absence of a statute authorizing it, he may maintain his suit in equity to set aside the fraudulent conveyance without either first having obtained his judgment at law, or sought a judgment in the same action. The creditor must at least take steps to obtain his judgment at the same time he seeks equitable relief. This the surety can not do until he has paid the judgment.

It is true, the surety is a creditor from the time he executes the note, in the sense that he assumes the liability from that date, and is affected by any fraudulent conveyance made by the debtor of his property thereafter; and being detrimental to the interest of the surety, should he pay the debt, he may prosecute his suit in equity to have such fraudulent conveyance set aside. It is possible that the surety, after he has served a notice on the creditor requiring him to bring suit upon the note, and the creditor has brought suit upon the note, and there has been a finding and proper judgment rendered in favor of the creditor and surety requiring that the property of the principal debtor be first exhausted for the payment of the debt, may then maintain an action to set aside the fraudulent conveyance made by the principal debtor; and the property so conveyed may be levied upon. If the claim be thus reduced to judgment the rights of the parties are fixed, and no further adjudication need be had; but the surety can not institute a suit to set aside a fraudulent conveyance without first having obtained a judgment in his favor as surety, or, having paid the debt, seeks, in the same proceeding, to have judgment on his claim, as well as a decree setting aside the conveyance. The original creditor can not maintain a suit to set aside a fraudulent conveyance without having first obtained a judgment, or by seeking a judgment in the same proceeding; and certainly the surety possesses no rights superior to the creditor in this respect. This right of the surety is spoken of by law writers as a right of subrogation

to the right of the creditor.    Until a judgment establishing his suretyship has been rendered, or he has paid the debt, he has no rights which he can enforce against the principal. Brandt Suretyship and Guaranty, section 195; Bump Fraudulent Conveyances (3d ed.), pp. 507, and 508; Wait Fraudulent Conveyances, etc., sec. 111.    See "Fraudulent Conveyances," 8 Am. & Eng. Encyc. of Law, and authorities there cited.

The conclusion we have reached leads to an affirmance of the judgment.

Judgment affirmed, with costs.

MILLER, J., took no part in the decision of this cause.

Filed May 26, 1891 ; petition for a rehearing overruled Sept. 17, 1891.