THE STATE, EX REL. LITTLE, *v.* PARSONS ET AL.

[No. 18,753. Filed June 19, 1900.]

GUARDIAN AND WARD.—*Failure of Guardian to Account.—Action on Bond.—Limitations.*—An action by a ward to recover on his guardian's bond for failure of guardian to account for moneys received, such failure being due to fraud or mistake, is barred after three years from final settlement.

From the Hamilton Circuit Court. *Affirmed.*

*S. D. Stuart, C. G. Reagan* and *J. W. Haughey,* for appellant. ·

*F. E. Gavin, T. P. Davis* and *J. L. Gavin,* for appellees.

BAKER, C. J.—In 1884 relatrix began this action against Nagle, administrator of Beeson, against Harbaugh and Burris, sureties on Beeson's bonds given in 1873 and 1874 as guardian of relatrix, and against Parsons,—to recover judg-

ment on the bonds against Beeson's estate and Harbaugh and Burris on account of Beeson's alleged conversion, in 1877, of $976 out of $1,401 pension money received for his ward, and to set aside as fraudulent a conveyance of lands to Parsons from Beeson shortly before his death in 1892. The complaint was held insufficient, but on appeal to this court that judgment was reversed. *State* v. *Parsons*, 147 Ind. 579, 62 Am. St. 430. Each appellee filed a general denial. Parsons filed ten, and Harbaugh and Burris six, affirmative paragraphs of answer. The errors assigned question the sufficiency of each affirmative answer, the correctness of the conclusions of law, and the legality of denying a new trial.

One of the affirmative answers, filed by each appellee except Nagle, averred that in 1877 Beeson resigned his trust and made a final report of his receipts and disbursements as guardian up to that time; that the court examined and approved the report and discharged Beeson as guardian; that the court thereupon appointed Ridge as guardian and he received from Beeson the full amount of the trust estate in the latter's hands as found by the court; that in 1879 relatrix was nineteen years old and married to a man of full age; that thereafter in the same year Ridge filed a final settlement report, which he verified as a true and complete accounting of the trust; that a receipt in full, signed by relatrix and her husband, was indorsed upon and made a part of the final report; that the court, at the April term 1879, examined and approved the report and entered of record a judgment that the guardianship was finally settled and the guardian discharged; that the relatrix received and used the balance found due her on the final settlement; and that the judgment of final settlement has remained and is in full force.

Beeson reported and accounted for $425 of the pension money. If he failed to account for $976 of it, it was either

through mistake or fraud.   It was the duty of Ridge to collect and account for all sums due his ward.   If he did not collect from Beeson, it was from ignorance of the alleged claim, from mistake or fraud.   If he did collect from Beeson and failed to account, it was either from mistake or fraud.   The guardianship was one continuous trust, irrespective of the number of trustees.   It is evident that when Beeson resigned, he could not make a final settlement report in the guardianship, because the ward had not the legal capacity to settle.   And so no statute of limitations would begin to run from the approval of Beeson's report.   But when Ridge filed his report in final settlement, relatrix had the legal capacity to look after her own rights.   If Ridge failed to account for all that had come to his hands, or if he failed to collect from Beeson all that the latter had received for his ward, relatrix not only had the right but she was challenged by the report to resist the final settlement on the terms proposed.   Section 2403 R. S. 1881 and Horner 1897, §2558 Burns 1894, provides that a final settlement of an estate may be vacated within three years on account of "illegality, fraud or mistake in such settlement or in the prior proceedings".   Section 2527 R. S. 1881 and Horner 1897, §2691 Burns 1894, requires that suits on guardians' bonds "shall be governed by the law regulating suits on the bonds of executors and administrators".   By virtue of this latter section, it has been long settled that the former section applies to guardianships, and that the lapse of three years of opportunity is a complete bar.   *State* v. *Hughes*, 15 Ind. 104; *Holland* v. *State*, 48 Ind. 391; *Briscoe* v. *Johnson*, 73 Ind. 573; *Candy* v. *Hanmore*, 76 Ind. 125; *Carver* v. *Lewis*, 104 Ind. 438; *Carver* v. *Lewis*, 105 Ind. 44; *Wainwright* v. *Smith*, 106 Ind. 239; *Castetter* v. *State*, 112 Ind. 445; *Silvers* v. *Canary*, 114 Ind. 129; *Horton* v. *Hastings*, 128 Ind. 103; *State* v. *Parsons*, 147 Ind. 579, 62 Am. St. 430.

As the truth of this answer was established by the special findings, it is unnecessary to inquire into the sufficiency of the other paragraphs. *Gunder* v. *Tibbits*, 153 Ind. 591, and cases collated on page 593.

The motion for a new trial does not challenge the admissibility or sufficiency of the evidence showing the judgment of final settlement. On the question of concealment, the evidence and the findings show that Beeson did nothing to prevent an investigation by relatrix of the amount of pension money received by him for her account. The failure to include all of the money in Beeson's report may have been due to mistake or fraud; but neither would prevent the limitation from running, because the three years time is given for the purpose of allowing relief from mistake and fraud.

Nagle, administrator of Beeson, may not have been entitled to the benefit of the answer filed by his co-appellees; but no question on this point is presented or assigned.

Judgment affirmed.