## HOLLENBACK *v.* POSTON.

[No. 5,104. Filed January 26, 1905.]

1. PLEADING. — *Complaint.* — *Demurrer.* — *Date.* — *Clerical Error.* — Where a demurrer is filed to the complaint, "which complaint was filed in this court on May 22, 1903," and the transcript shows the complaint was filed on May 29, 1903, in the absence of any showing in appellant's brief that there was any other complaint, it will be assumed that the demurrer was addressed to the complaint and that the error in the date was merely clerical. p. 483.

2. PROCESS.—*Notice by Publication.*—*Presumption.*—Where it is alleged in a complaint that in a former action complained of notice was given by publication, it will be presumed, in the absence of a showing to the contrary, that such notice was given according to statute. p. 484.

3. JUDGMENTS.—*Setting Aside.*—*Nonresidence.*—*Publication.*—*Limitations.*—Where judgment was taken against a nonresident defendant on notice by publication and without actual notice, such defendant has five years from the rendition of such judgment in which to bring an action to set such judgment aside. p. 484.

4. STATUTES. — *Nonresidents.* — *Disabilities.* — *Limitations.* — Nonresidence under the statute relating to disabilities (§297 Burns 1901, §296 R. S. 1881) does not have the effect of extending the time within which an action may be brought to set aside a judgment rendered on notice by publication under §609 Burns 1901, §600 R. S. 1881, although it is provided by such first-mentioned statute that two years shall be given after removal of disability within which to bring action, the general provisions of the statute of limitations having no application to such statute providing for the setting aside of judgments rendered on notice by publication. p. 485.

5. CITIZENS.—*Residents.*—*Jurisdiction.*—A resident is one who is personally present in a community, but a citizen may be absent temporarily, and not lose his political rights, and if he ceases to reside in a locality, this does not prevent the courts from taking jurisdiction, upon proper service, where the *rem* or thing in action is therein located. p. 485.

From Sullivan Circuit Court; *Orion B. Harris,* Judge.

Action by David Hollenback, Jr., against William H. Poston. From a decree for defendant, the plaintiff appeals. *Affirmed.*

*A. G. McNabb* and *C. D. Hunt,* for appellant.
*John T. Hays* and *Will H. Hays,* for appellee.

COMSTOCK, C. J.—Appellant brought this action against the appellee to set aside a judgment rendered against him and other defendants in favor of Jane Mason. The petition was filed under §609 Burns 1901, §600 R. S. 1881, and alleges in substance that the judgment sought to be opened was, on April 15, 1885, rendered against appellant and other defendants and in favor of Jane Mason, who was the sole plaintiff in the original action; that the judgment was to

quiet title to real estate in Sullivan county, Indiana; that after said judgment was rendered said Jane Mason conveyed the land described in said judgment to the appellee, who was the son of said Jane Mason; that after said conveyance was made, and before the filing of appellant's petition, said Jane Mason died; that the only notice given to the appellant of the pendency of the suit in which said judgment was rendered was by publication in a newspaper, and that the appellant received no actual notice of the pendency of said suit in time to appear and object to judgment; that, at the time said notice was given and judgment rendered, appellant was a citizen of the United States and of the State of Indiana, but was out of the United States, and remained out of the United States during all the time from the 15th day of April, 1885, until the 25th day of March, 1903; that appellee knew the manner in which said judgment was procured, and knew that the appellant was out of the United States, and that he had no actual notice of the pendency of said suit at the time appellee received said conveyance from said deceased plaintiff. The petition was duly verified. Appellant also filed an answer of general denial to the original complaint. The court fixed a time when the petition would be heard, at which time William H. Poston filed his demurrer thereto in these words, to wit (omitting the caption and signature of counsel): "The defendant William H. Poston demurs to the complaint of David Hollenback, Jr., which complaint was filed in this court on May 22, 1903, and for cause of demurrer says that said complaint does not state facts sufficient to constitute a cause of action." The court sustained the demurrer, and, appellant refusing to plead further, judgment was rendered against him for costs, so that this appeal presents only the sufficiency of the complaint or petition.

1. Appellant's first proposition is that there is no demurrer in the record which questions the sufficiency of the complaint or petition, and that the ruling on the demurrer

was therefore erroneous.   It is insisted that by the language of the demurrer which appears in the transcript was addressed to and limited to the complaint of David Hollenback, Jr., filed on the 22d day of May, 1903, while the record shows that the petition of David Hollenback, Jr., set out in the transcript was filed on the 29th day of May, 1903, and not on the 22d day.   We think it is doing no violence to a reasonable presumption to hold that the error is merely clerical, especially in view of the fact that it is not intimated in the brief of the appellant that there was any other petition or complaint filed and pending in which the parties to this controversy were parties.   It is quite clear that by this apparent error the substantial rights of the appellant were not prejudiced.

2.   It appears from the petition before us that in the original proceeding notice was given the appellant by publication properly made upon an affidavit that he was a nonresident of the State.   The third subdivision of §320 Burns 1901, §318 R. S. 1881, provides for notice to nonresidents of the pendency of suits to quiet title.   Nothing appearing to the contrary, it will be presumed that the proceedings were regular, and the statute complied with, and the publication warranted.

3.   The appellant founds his petition upon §609 Burns 1901, §600 R. S. 1881, which reads as follows: "Parties against whom a judgment has been rendered without other notice than the publication in the newspaper herein required, except in cases of divorce, may, at any time within five years after the rendition of the judgment, have the same opened, and be allowed to defend."   But he contends that, having been out of the State and residing in Australia continuously from the time the suit was commenced up to the 25th of March, 1903, and not having had actual notice of the pendency of the action in time to appear and object, he is not now barred from said right, for the reason that §298 Burns 1901, §297 R. S. 1881, provides that "The time dur-

ing which the defendant is a nonresident of the State * * * shall not be computed in any of the periods of limitation."

4. Appellant insists that nonresidence under the stat-ute is a disability, that under §297 Burns 1901, §296 R. S. 1881, he may bring his action within two years after the disability is removed, and that his return to the United States removed his disability. The section last quoted is not, we think, applicable to the question before us. Relief is sought under a section of the statute which prescribes the time in which application for relief must be made, and that section of the statute is controlling. The general provisions of the statute of limitation do not govern in actions under the section of the statute in question. *Bristor* v. *Galvin* (1878), 62 Ind. 352; *Woods* v. *Brown* (1884), 93 Ind. 164, 47 Am. Rep. 369; *Rupert* v. *Martz* (1888), 116 Ind. 72; *Rosa* v. *Prather* (1885), 103 Ind. 191; *State, ex rel.,* v. *Pavey* (1882), 82 Ind. 543; *Spicer* v. *Hockman* (1880), 72 Ind. 120; *Potter* v. *Smith* (1871), 36 Ind. 231; *Fisher* v. *Tuller* (1890), 122 Ind. 31; *Evansville Ice, etc., Co.* v. *Winsor* (1897), 148 Ind. 682; *Bartlett* v. *Manor* (1897), 146 Ind. 621. The foregoing cases are not based upon the section of the statute under consideration, but are believed by analogy to be applicable to the question before us. The petition shows that it was not filed within the time named. Other defects are urged against it, which we do not deem necessary to consider.

5. Reference is made in the briefs of counsel to the allegation that appellant was at all the times referred to in his petition as a citizen of the United States and of the State of Indiana, but residing in Australia. There is a well-recognized distinction between a resident and a citizen. The same person may sustain both relations, but with the fact of residence there exists and is associated the idea of personal presence in a certain locality. A citizen does not necessarily lose his political rights by his absence from the

state, but when, in fact, he ceases to reside within the territory in which the *rem* or thing in action is located, his absence does not prevent the courts having jurisdiction of the subject in action from asserting that jurisdiction in the method prescribed by statute. The facts disclosed by the petition are that appellant at the time of the commencement of the suit to quiet title, and for a period of eighteen years continuously subsequent thereto, was residing out of the United States, and that the trial court, by reason of an affidavit to this fact, acquired and took jurisdiction of the cause and rendered the judgment sought to be opened. The jurisdiction exercised was regularly acquired by the method prescribed by the statute, and the judgment can only be opened within the time fixed by the statute under which the relief is sought.

Judgment affirmed.