## STATE, EX REL. MILLICE, *v.* PETERSEN ET AL.

[No. 5,449. Filed October 11, 1905.]

1. PLEADING.—*Complaint.—Uncertainty.—Construction.—Motion to Make Specific.*—Where the facts pleaded are sufficient to constitute a cause of action, a complaint will not be held bad because of difficulty in determining the theory of the pleader, the remedy being a motion to make more specific.   p. 271.

2. SAME.—*Complaint.—Theory.—Several Causes in One Paragraph.—Misjoinder.*—While a single paragraph of complaint must have but one theory, it may have many distinct causes of action, and if so, the remedy is a demurrer for misjoinder or a motion to paragraph, and not a demurrer for want of facts. p. 272.

3. GUARDIAN AND WARD.—*Final Settlement.—Collateral Attack.*— The final settlement of a guardian is a conclusive adjudication of the matters therein contained until set aside upon a direct attack, but it is not an adjudication of matters not contained therein.   p. 272.

4. SAME.—*Current Reports.—Power of Court to Correct.*—A guardianship remains *in fieri* until the final settlement, and the court may until then correct or modify any former reports. p. 273.

5. SAME.—*Final Settlement.—Direct Attack.—Fraud and Mistake.—Limitation of Actions.*—A direct attack may be made upon the final settlement of a guardian for fraud or mistake at any time within three years after making same, and the setting aside of such settlement opens up the entire estate for investigation.   p. 274.

6. SAME.—*Pleading.—Joinder of Suit to Set Aside Settlement with Action on Bond.*—A suit to set aside a guardian's final settlement for fraud or mistake may be joined with an action on such guardian's bond.   p. 274.

7. SAME.—*Settlement.—Disclosures.*—It is the imperative duty of a guardian to make full disclosures of his trust to the court in making his settlements.   p. 274.

8. PLEADING.—*Complaint.—Guardian and Ward.—Final Settlement.—Setting Aside.*—A complaint showing that a guardian, having overpaid his ward's mother $200, filed and received an allowance of same from the ward, and that he has never accounted to such ward for such sum, states a cause of action against such guardian and also on his bond.   p. 275.

From Fulton Circuit Court; *O. F. Montgomery,* Special Judge.

Suit by the State of Indiana, on the relation of Minnie Millice, against Frederick Petersen and others. From a decree for defendants, plaintiff appeals. *Reversed.*

*I. Conner,* for appellant.
*Holman & Stephenson,* for appellees.

MYERS, P. J.—This cause comes to this court on the single question whether the amended complaint states facts sufficient to constitute a cause of action against either of the appellees, defendants in the court below.

The substance of the complaint may be stated as follows: On September 7, 1886, appellee Frederick Petersen was appointed by the Fulton Circuit Court guardian of the plaintiff, an infant eleven years old April 30, 1886, and a child of John F. Fromm, deceased. On the same day Petersen filed his bond, with the appellees, William J. Leiter, Frederick W. Bosenberg and Valentine Zimmerman, as sureties, conditioned according to law, and which bond was thereupon approved by the court. This bond is made a part of the complaint by exhibit. That as such guardian he took possession of the property of this relatrix, and on May 22, 1890, as such guardian, he made his first current report to the court, showing a balance in his hands in favor of this relatrix of $441; that said guardian made a second current report May 19, 1892, "at which time and in which report said defendant had a balance in his hands in favor of said relatrix of $660.38;" that at the time of filing said last report and for some time prior thereto said Petersen was the agent of Elsie W. Fromm, widow of said John F. Fromm. It is averred that on the day of filing said last report Petersen made "a pretended settlement with said Elsie W. Fromm, and he then falsely and wrongfully claimed that she had overdrawn her account as against him as her agent, and to equalize and to balance up her account,

as he claimed, said Petersen falsely and wrongfully charged and received a credit in his report of May 19, 1892, as against said relatrix, whereby her account as of that date was falsely and wrongfully reduced from $660.38, the true amount, to $460.38;" that said Petersen, as such guardian, filed no other report until May 10, 1902, at which time he made a final report, carrying forward in this report the balance of $460.38 as shown by his last current report, when in truth and in fact he should have carried forward to her credit $660.38, so that in said final report, so called, the mistake in the report of May 19, 1892, is maintained; that said sum of $200, with interest, has not, nor has any part thereof, been paid to his said ward. Said final report was approved by the court, and said guardian discharged. "The relatrix was not present or in any way represented at the time said reports were acted on, and continuously from May, 1901, to the present time, relatrix has been a nonresident of the State of Indiana." It is averred that by reason of the mistake aforesaid relatrix has sustained damages in the sum of $381.61, together with ten per cent thereon, making a total of damages in the sum of $418.77, for which and all proper relief she prays judgment.

The question of determining the relief authorized by the averments of this complaint is the principal and controlling question for our consideration; for if the facts averred do not state a cause of action as a direct attack on the guardian's final settlement, the complaint does not state a cause of action. Appellees insist that this is an action on the guardian's bond, and nothing more. If their contention is correct, then the judgment of the lower court must be affirmed.

It has been held by this court that a pleading is to be construed most strongly against the pleader when its language is uncertain and ambiguous, rendering its theory obscure (*Heintz* v. *Mueller* [1898], 19 Ind. App. 240); but if, upon giving the language a fair

1.

construction, and from the nature of the facts averred, the complaint states facts sufficient to constitute a cause of action, it will not be held bad for want of facts, because so constructed as to render it difficult to determine the theory intended by the pleader. The remedy is a motion to make more certain, and not a demurrer. *Scott* v. *Cleveland, etc., R. Co.* (1896), 144 Ind. 125, 129, 32 L. R. A. 154.

The complaint. in this case contains but a single paragraph, and under the rule laid down in the case of *Cleveland, etc., R. Co.* v. *Stewart* (1900), 24 Ind. App.

2. 374, "only one theory can be contained in a single paragraph," and that theory is to be determined "from its prominent and leading allegation." *Richardson* v. *League* (1899), 21 Ind. App. 429; *Sanders* v. *Hartge* (1897), 17 Ind. App. 243; *Hanover Fire Ins. Co.* v. *Johnson* (1901), 26 Ind. App. 122; *Boyd* v. *Bloom* (1899), 152 Ind. 152. But it must be borne in mind that the word "theory," as here used, does not apply to the exclusion of additional causes of action which may be stated in a single paragraph of complaint. The rule, therefore, is, that the pleader can not rest upon more than one theory in stating his cause of action in a single paragraph, yet he may state more than one cause of action in such paragraph, and it will withstand a demurrer for want of facts; the remedy being, in case more than one cause of action is stated, a demurrer for a misjoinder or a motion to separate into paragraphs. *Mark* v. *North* (1900), 155 Ind. 575. No such demurrer or motion has been filed, and we are therefore left to the consideration of the question raised by demurrer for want of facts.

It appears from the allegations of the complaint that a final settlement was made which was approved by the court and the guardian discharged. This report still

3. stands. The law is well settled by a long line of decisions in this State that such action by the court upon the final settlement of the guardian is an adjudication

of the matters included in such report, and is conclusive upon all the parties interested until set aside by direct proceedings for that purpose, and can not be attacked in a suit on the bond or in any other manner collaterally. *Horton* v. *Hastings* (1891), 128 Ind. 103; *State, ex rel.,* v. *Parsons* (1897), 147 Ind. 579, 62 Am. St. 430; *Carver* v. *Lewis* (1886), 104 Ind. 438; *Castetter* v. *State, ex rel.* (1887), 112 Ind. 445; *State, ex rel.,* v. *Kelso* (1884), 94 Ind. 587. It is also the law that as to all matters not included in such final settlement there is no adjudication, "and it is not necessary to set aside such report in order to attack the transaction." *Taylor* v. *Calvert* (1894), 138 Ind. 67, 83, and cases cited.

Under the averments of the complaint this case does not come within the latter line of cases, for the reason that it appears from the complaint that the guardian, by his current report of 1892, did refer to and have allowed him as a credit said sum of $200 out of the money then in his hands belonging to relatrix. The matter of this credit being before the court, it must be presumed that the court in acting upon the report did its duty, and took an account of the receipts and expenditures thus reported by such guardian, and verified the same by vouchers or proof of correctness as required by subdivision three of §2685 Burns 1901, §2521 R. S. 1881. But until the final settlement was made and the guardian discharged the entire trust was *in fieri*. Current reports of a guardian are considered *prima facie* correct, and are *prima facie* evidence of the facts and matters therein included when approved by the court, but until final settlement and discharge of the guardian, such reports are under the control of, and may be set aside, corrected or modified by the court to which such guardian reports. *State, ex rel.,* v. *Wheeler* (1891), 127 Ind. 451; *Duckworth* v. *Kirby* (1894), 10 Ind. App. 139.

A direct attack on account of fraud or mistake of fact may be made on the final settlement of a guardian within three years after such settlement has been acted on, and the setting aside of such settlement opens up the entire estate for examination and investigation by the ward, and the court may make such corrections as may have crept into the proceedings of the guardian, shown to be grounded on fraud or mistake of fact. *State, ex rel.*, v. *Parsons, supra; Horton* v. *Hastings, supra; Briscoe* v. *Johnson* (1881), 73 Ind. 573.

In the case at bar it appears that the final settlement was acted upon by the court May 10, 1902, and this suit begun February 11, 1903. Therefore, this suit having been brought within the time allowed for a direct attack on the final settlement, do the facts averred show fraud or mistake of fact on the part of the guardian in the administration of his trust? If so, and the question of joining an action attacking such final settlement with an action on the guardian's bond having been affirmed by our Supreme Court in the cases of *State, ex rel.*, v. *Peckham* (1894), 136 Ind. 198, 206, and *State, ex rel.*, v. *Parsons, supra*, it should be held sufficient to require appellees to answer. As bearing upon the duties and absolute good faith required of a guardian in the management of his trust, it is said in the case of *Slauter* v. *Favorite* (1886), 107 Ind. 291: "A guardian is bound to make full disclosure to the court of his transactions, and the law requires of him the exercise of the utmost good faith. He must not conceal any material fact, nor untruthfully represent any matter to the court. * * * A duty rests upon the guardian to make no statement that he does not know to be true, and to conceal nothing materially affecting his trust, of which he has knowledge. The necessity for a strong and stern application of the rule to cases like this is obvious, for the court must act upon the statements of the guardian, and there is no adverse party

to challenge their truth. If the statements are not true, the order of the court rests on the wrong of the party who made it, and he can take no advantage of his own wrong."

What does this complaint show on the question of fraud or mistake of fact? (1) That the guardian had in his hands, of the money belonging to relatrix, $660.38, when he filed his report in 1892. (2) At that time he claimed that Mrs. Fromm had overdrawn her account with him, as agent, in the sum of $200. (3) That he appropriated to his own use the sum of $200 belonging to his ward, and applied it in reimbursing himself, as agent, in settlement of the overpayment by him made, as agent, to his principal, Mrs. Fromm. (4) That in his report of 1892 he received credit for the $200 so paid, reducing the estate of his ward to $460.38. (5) That his final settlement was made on the basis of $460.38 due his ward May 19, 1892, instead of the true amount, $660.38. (6) That he has never accounted to his ward for said sum of $200.

Subdivision four of §2685, *supra,* makes it the duty of every guardian "at the expiration of his trust fully to account for and pay over to the proper person all of the estate of said ward remaining in his hands." Can it truthfully be said that this guardian has executed his trust faithfully and honestly, and has accounted to his ward for all money received by him, in the face of the averments of this complaint, showing such misapplication of such funds and his neglect to account for the same in his final settlement? We think not. The court, in passing upon the final settlement, necessarily had to rely upon the representations and knowledge that the various reports of the guardian furnished. The action of the court was unquestionably based upon the information thus obtained; and, as the "law required of him the exercise of the utmost good faith," anything short of true information will to that extent remove the foundation upon which the court's order rests.

As said in the case of *Stark* v. *Starr* (1870), 1 Saw. (U. S.) 15, Fed. Cas. No. 13,307: "Good faith is the opposite of bad faith, and bad faith and fraud are synonymous." If the guardian in this case misapplied the funds of his ward, as here charged, in the payment of a claim in no way chargeable to his ward's estate, it was a wrongful disposition of that much of the trust funds, and he should be held accountable. The facts averred furnish ample cause for setting aside the final settlement. It is not contended, nor do we believe there is any grounds for holding, that the complaint does not state a good cause of action on Petersen's bond, if the final settlement is set aside. The complaint is not a model pleading by any means, but under our present view of this case it contains sufficient facts to call for an answer from appellees.

Appellees have called our attention to the ruling of the court on the demurrer and exception taken, as also appellant's assignment of error, and contend that there is no basis for an inquiry by this court, and for this reason the judgment should be affirmed. We have carefully examined the record on this contention of appellees, and, after due consideration, have concluded that the point is not well taken.

Appellees' demurrer should have been overruled. Judgment reversed.