SHIPMAN, EXECUTOR *v.* SHIPMAN, GUARDIAN.

[No. 14,679.   Filed December 6, 1934.]

*Kelly & Ryan, Oliver M. Loomis, Robinson, Symmes & Melson,* for appellant.

*Fraser, Isham, Stuart, Stuart & Devol,* for appellee.

WOOD, J.—Lemuel Shipman was appointed guardian of one Andrew Gick of Benton county, Indiana, November 8, 1915. On October 23, 1919, he, as such guardian, upon presenting his proper verified petition to the Benton circuit court, was authorized to and did sell real estate belonging to his ward, for the sum of $68,000. On April 19, 1922, he filed his first current report as such guardian with the court. In that report he set out the fact that he had, without first obtaining an order of court authorizing him to do so, loaned the sum of $15,600 of his ward's funds to one John Bower. This report was approved by the court. The court at the time entered an order authorizing the guardian to reinvest the funds of his ward with good freehold makers or sureties at current rates of interest, and "keep the funds of said trust revolving and invested in good notes of farmers, in good standing and repute financially." On July 3, 1924, Shipman filed his second current report as guardian with the court, in which report he set out the fact that he had loaned $36,000 of his ward's funds to John Bower, which loan was evidenced by two promissory notes, secured by a second mortgage upon certain real estate. This report was approved by the court.

On July 1, 1926, Shipman filed his third current report as guardian with the court. May 4, 1927, Andrew Gick died testate. In his will he appointed Lemuel Shipman, as executor thereof. July 1, 1927, Shipman filed his final report as guardian with the court. In this report he set out the fact that he had loaned the sum of $42,000 of his ward's funds to John Bower, taking

his note therefor, which was secured by a second mortgage on 1,040 acres of land in Benton county. This final report was approved, and he was discharged as guardian upon surrendering to himself as executor of the last will and testament of Andrew Gick all the funds and assets of said trust held by him as guardian.

On February 25, 1931, at the instance of the heirs of Andrew Gick, the appellant Lemuel Shipman, executor of the estate of Andrew Gick, deceased, filed his complaint against Lemuel Shipman, guardian of Andrew Gick, to set aside all the current reports, and the final report filed by Shipman as guardian, and the approval thereof by the court. September 19, 1931, an amended complaint was filed. In addition to the facts above set out, the complaint alleged, in substance, that when said Shipman as guardian presented his current and final reports to the court for approval he acted in a fraudulent manner and in bad faith, in that he did not make a full, complete, and honest disclosure to the court of all the facts pertaining to his administration of said guardanship. That at the time of making the loans to John Bower, he, Shipman, knew that Bower was insolvent and unable to repay said loans, when and as they became due and payable, which facts he fraudulently and dishonestly withheld from the court for the purpose of misleading and deceiving it. That all of said guardian reports were made to and approved by the court, in the absence and without the knowledge of any of the heirs of Andrew Gick; that said guardian had at all times purposely concealed, and withheld from them all notice and knowledge that he had made the ill-advised, unlawful, and improper investment of the funds of his ward while acting as guardian, and that they had no notice thereof. That on September 29, 1928, said heirs made inquiry of said Shipman regarding the status of said estate when he again purposely

and deliberately concealed from them the true condition thereof. That in the month of July, 1929, they first learned that said guardian had fraudulently, wrongfully, and illegally made the loans to Bower. That because of the conduct of said guardian, these heirs had a right of action upon his bond as such guardian, and that his current reports and final report, and the approval thereof should be vacated and set aside by the court and held for naught.

To this complaint the appellee filed a demurrer for insufficiency of facts, alleging in support thereof: (1) That proceedings to set aside the current reports and final report of a guardian are governed by §3257, Burns 1926, §6-1424, Burns 1933, §3220, Baldwin's 1934, which statute provides the exclusive remedy for setting aside guardian's final reports, and the statute requires such a proceeding to be commenced within three years from the date of such settlement; that the facts alleged in the complaint disclosed that the action was not commenced within three years from the date of final settlement; (2) the final settlement of a guardianship is *res judicata,* except insofar as it may be set aside under section 3257, *supra,* for illegality, fraud, or mistake, but allegations of such facts are not sufficient where it appears upon the face of the petition that the action was not brought within three years from the date of final settlement; (3) a guardian's final settlement is conclusive and not subject to direct attack as is attempted in the instant case after the expiration of the three years; (4) allegations of concealment from the court and the Gick heirs, did not affect or extend the three-year limitation, since this is a special statutory proceeding containing its own period of limitation, and the provisions of the general statute of limitations respecting concealment do not apply to or effect section 3257, *supra.*

The court sustained appellee's demurrer to the amended complaint. Appellant refused to plead further. Judgment was accordingly entered that he take nothing by his complaint and against him for costs. He appeals, assigning as error for reversal the sustaining of appellee's demurrer to his amended complaint.

It is apparent from the record, that the appellant is the nominal and not the real party in interest in the complaint filed in this cause; that the real parties in interest are the children or heirs of Andrew Gick, now deceased. From the allegations contained in the complaint, and the various statements made by counsel for both appellant and appellee, in their several briefs and in oral argument, it is clear that this is a statutory proceeding to set aside the final report of Lemuel Shipman as guardian of Andrew Gick, predicated upon the rights conferred by section 3257, *supra* (§6-1424, Burns, 1933, §3220, Baldwin's Ind. St. 1934), which reads as follows: "When final settlement of an estate shall have been made, and the executor or administrator discharged, any person interested in the estate, not appearing at the final settlement, nor personally summoned to attend the same, may have such settlement, or so much thereof as affects him adversely, set aside, and the estate re-opened, by filing in the court in which the settlement was made, within three years from the date of such settlement, his petition, particularly setting forth the illegality, fraud or mistake in such settlement, or in the prior proceedings in the administration of the estate, affecting him adversely. The executor or administrator of the estate, and any of the creditors, heirs, devisees or legatees of the decedent adversely interested in the matters alleged in such petition shall be made defendants thereto, and shall be entitled to such notice of the pendency thereof as is required to be given under the code of civil procedure to defendants

in ordinary actions. If any person interested in an estate shall, at the time of the final settlement thereof, be under legal disabilities, he may file such petition within three years from the time of the removal or cessation of such disability."

It follows, therefore, that in determining the sufficiency of the complaint to state a cause of action, we must be guided by former decisions of our Supreme Court and this court in the interpretation and application of the above section of the statute. In other words, has the appellant alleged such facts as entitle him to relief under said statute?

Both parties agree that the appellant was the proper party plaintiff to maintain the action.

In the case of *Briscoe* v. *Johnson* (1881), 73 Ind. 573, in announcing the purpose, effect, and application of the above section of our statute, which was enacted in its present form by the special session of the legislature of 1881, Acts 1881, ch. 45, sec. 177, p. 423, our Supreme Court said, p. 576: "The right to have the final settlement of an executor, administrator or guardian set aside, in certain cases, is conferred by statute, and can only be exercised within a limited time. When, therefore, the complaint shows that the action to have such a settlement set aside has not been commenced in time, it is bad upon demurrer. Angell Limitations, sec. 294; *Hanna* v. *The Jeffersonville, etc., R. R. Co.*, 32 Ind. 113; *Brown's Adm'r* v. *Lucas*, 18 Ind. 286; *Potter* v. *Smith*, 36 Ind. 231.

"An action to set aside the final settlement of an executor or administrator may be commenced within three years, and where the party aggrieved is under disability when the settlement is made, then within three years after the disability is removed. 2 R. S. 1876, p. 537, sec. 116.

"Settlements made by a guardian have been held to

fall within the provisions of the act concerning the settlement of decedents' estates, and hence the same limitation applies to an action to set aside the final settlement of a guardian as does to cases of final settlement by executors and administrators. *The State, ex rel.* v. *Hughes,* 15 Ind. 104; *Holland* v. *The State, ex rel.* 48 Ind. 391.

"So long as the final settlement of an executor, administrator or guardian, remains in force, it is to be considered an adjudication of the matters lawfully embraced within it, and as a bar to an action seeking to reopen questions settled by it. *Parsons* v. *Milford, supra.*"

These declarations have never been overruled or modified but have frequently been followed and adhered to by our Supreme and Appellate courts. *Carver* v. *Lewis,* (1886), 104 Ind. 438, 2 N. E. 705; *Carver* v. *Lewis* (1886), 105 Ind. 44, 2 N. E. 714; *Dillman* v. *Barber* (1888), 114 Ind. 403, 16 N. E. 825; *Horton* v. *Hastings* (1891), 128 Ind. 103, 27 N. E. 338; *State ex rel. Little* v. *Parsons* (1900), 155 Ind. 67, 57 N. E. 711; *State ex rel. Millice* v. *Peterson* (1905), 36 Ind. App. 269, 75 N. E. 602; *Euler* v. *Euler* (1914), 55 Ind. App. 547, 102 N. E. 856.

As heretofore suggested, this is a special statutory proceeding. When the right is given and the procedure for its enforcement is provided by a special statute, such procedure excludes resort to any other different procedure and the methods provided in such statute must be followed. *Ryan* v. *Ray* (1886), 105 Ind. 101, 4 N. E. 214; *Bartlett* v. *Manor* (1897), 146 Ind. 621, 45 N. E. 1060; *Board* v. *Adler* (1922), 77 Ind. App. 296, 133 N. E. 602; *Dillman* v. *Barber, supra.*

But the appellant contends that the three-year limitation contained in sec. 6-1424, Burns 1933, and sec.

3220, Baldwin's 1934, *supra,* does not apply in the instant case for this is an equitable proceeding; that the complaint alleges that the guardian was guilty of fraudulent conduct which he purposely concealed·from the court and the children and heirs of Andrew Gick; that they did not discover the cause of action against Shipman as guardian until July, 1929, and therefore, the period of limitation within which the action could be brought would be extended for a period of three years from the date of its discovery, as provided by sec. 2-609, Burns 1933, sec. 68, Baldwin's Ind. St. 1934.

Appellant's contention is not supported by the authorities. This is not an equitable proceeding, but is a special statutory proceeding, founded upon rights embraced within a special statute authorizing it to be brought; so, as heretofore suggested, the allegations of the complaint must bring the appellant within the requirements of the special statute. The judgment of the court approving the final account and settlement of Lemuel Shipman as guardian, like any other final judgment of a court of general jurisdiction, was binding and conclusive upon all parties interested therein unless appealed from, or set aside for some illegality, fraud, or mistake, as provided in the above quoted section of the statute. See authorities heretofore cited. See also *Castetter* v. *State ex rel. Bradburn* (1887), 112 Ind. 445, 14 N. E. 388. The character of the fraud, if there be fraud, does not prevent the running of the limitation contained in the statute. Sec. 2-609, Burns 1933, sec. 68, Baldwin's 1934, *supra,* does not aid appellant inasmuch as the section of the statute which forms the basis of his action is a special statute, which by its terms prescribes the limit of time within which the action must be commenced. It, and not the provisions of the general statute of limitation would be

controlling. *Spicer* v. *Hockman* (1880), 72 Ind. 120; *Hollenback* v. *Poston* (1905), 34 Ind. App. 481, 73 N. E. 162; Henry's Probate Law (4th Ed.), sec. 376, p. 470; sec. 2-603, Burns 1933, sec. 62, Baldwin's Ind. Stat. 1934, provides that: "In special cases, where a different limitation is prescribed by statute, the provisions of this act shall not apply."

The appellant is endeavoring to obtain equitable relief dependent upon a legal right, which has been lost because of delay beyond the period in which the right is given. "It is not a case of concurrent legal and equitable jurisdiction." It is a case where the appellant is endeavoring to blend and enforce a legal and alleged equitable right, under our code where the distinction between law and equity is abolished. It fails because the legal right has lapsed, and has existence no more than if it had never been created. *Bartlett* v. *Manor, supra.* Moreover, equity will not afford relief where the party has been given a full and adequate remedy at law. *Barnes* v. *Sammons* (1891), 128 Ind. 596, 27 N. E. 747; *Board, etc.* v. *Dickenson* (1900), 153 Ind. 682, 53 N. E. 929.

Appellants also insist that the facts alleged in the amended complaint bring them within the proviso contained in sec. 6-1424, Burns 1933, sec. 3220, Baldwin's Ind. St. 1934, that: ". . . If any person interested in an estate shall, at the time of the final settlement thereof, be under legal disabilities, he may file such petition within three (3) years from the time of the removal or cessation of such disability." Clause six, sec. 2-4701, Burns 1933, sec. 1217, Baldwin's Ind. St. 1934, defines "under legal disabilities" as follows: "The phrase 'under legal disabilities' includes persons within the age of twenty-one years, or of unsound mind, or imprisoned in the state prison, or out of the United States." This phrase has been

454

treated by the courts as including only the classes named. *Terre Haute, etc., Co.* v. *Reeves* (1915), 58 Ind. App. 326, 108 N. E. 275. Ability and not disability is presumed, so the litigant seeking to avail himself of any disability must plead the facts showing such condition to exist. *Briscoe* v. *Johnson, supra; Horton* v. *Hastings, supra.* No disability of any kind, bringing this case within the provisions of sec. 6-1424, Burns 1933, sec. 3220, Baldwin's Ind. St. 1934, is alleged in the complaint.

The allegations of the amended complaint show that the children and heirs of Andrew Gick were fully informed of the alleged fraudulent conduct of Lemuel Shipman as guardian, at least a year before the period of limitation contained in the statute under which relief is now sought had expired, yet with this knowledge in their possession, so far as the allegations of the amended complaint disclose, they remained passive during the entire year, thus permitting the right to bring the action as given by the statute to lapse.

Finding no error the judgment is affirmed.