Monks, J.
This action was brought by the relator on two bonds given by one Beeson to secure the faithful performance of his duties as guardian of the relatrix. One bond was executed in 1873 by said guardian with the appellee, Harbaugh, as surety, and the other in 1874 with appellee, Burns, as surety. Said Beeson died in January, 1892, and appellee, Nagle, was duly appointed administrator of said estate. It is also sought to set aside a conveyance of real estate made by the guardian, Beeson, in his lifetime, to the appellee, Parsons, as fraudulent, and subject the same to the payment of the debts of said decedent Beeson.
In 1877 Beeson filed his final report as such guardian, and resigned. After his resignation he paid over to his successor as such guardian the balance in his hands as shown in said report. It is alleged as one of the breaches of said bonds that Beeson received during said guardianship $976.00 for which he did not account in said report, or in any other manner, but fraudulently converted the same to his own use.- For all that appears from the paragraphs of complaint upon that bond said final report was never approved, nor otherwise acted upon by the court.
The separate demurrer of each appellee was sustained to the complaint, and judgment was rendered in favor of appellees upon demurrer.
The only objection urged to the complaint by appellees, Harbaugh and Burns, who were the sureties on said bonds, is that the action on said bonds is barred by the statute of limitations. A guardian’s final settlement made by him with the ward, and approved by the court after the ward becomes.twenty-one years of *580 age, or if a female, after she marries a man of that age, cannot be set aside, modified, or corrected, after the expiration of three years from the date of its approval; nor can it be-set aside in an action brought within said three years except for fraud or mistake. Candy, Admr., v. Hanmore, 76 Ind. 125, 129, and cases cited; Horton v. Hastings, 128 Ind. 103, and cases cited. The approval of such final settlement and the discharge of the guardian would preclude the’ bringing of an action against the guardian on his bond, concerning any matter embraced in such settlement, so long as it remained in force. Horton v. Hastings, supra; Candy, Admr., v. Hanmore, supra.
The final report made by said guardian, in 1877, when he resigned and paid over the balance in his hands to his successor, even if approved by the court, was only a partial settlement, and was not a final settlement within the contemplation of the statute. State, ex rel., v. Peckham, 136 Ind. 198, and cases cited. Such partial settlement when approved by the court cannot be attacked collaterally, but is binding as to all. matters properly embraced therein and adjudicated until set aside, corrected, or modified in some direct proceeding brought for that purpose. State, ex rel., v. Peckham, supra; Parsons v. Milford, 67 Ind. 189; Lang v. State, 67 Ind. 577; Wainwright v. Smith, 106 Ind. 239; Naugle v. State, ex rel., 101 Ind. 281: Taylor v. Calvert, 138 Ind. 67, and cases cited.
An action on a guardian or administrator’s bond, or against such guardian or administrator personally, and to set aside a final or partial settlement may be joined if brought in the court having control over such settlements. State, ex rel., v. Peckham, supra.
As the bonds in suit were given, and the breach thereof alleged occurred prior to the enactment of the act concerning civil, procedure in 1881, the same are *581 governed by the fifth danse of section 211, 2 R. S. 1852, p. 76, section 211, 2 Davis’ R. S. 1876, p. 124, which provides that actions upon contracts in writing * * * must be brought within twenty years after the cause of action has accrued.
The alleged breach of said bonds occurred in April, 1877, and the right of action thereon accrued at once, and the statute began to run. Peelle v. State, ex rel., 118 Ind. 512, 514, and cases cited. This action was commenced March 5, 1894, which was within twenty years after the cause of action accrued. It is true that in Jones v. Jones, 91 Ind. 378, and in Lambert v. Billheimer, 125 Ind. 519, it was held that the right of a ward to maintain an action against his guardian for a fhilure to account for money due the ward is barred in six years from the time the ward becomes of age, but in those cases the action, 'as the records show, was not on the bond or other contract in writing, but on account for money had and received. It was correctly held therefore in said cases that they were governed by the six-year statute of limitations.
We are also of the opinion that even if sufficient time had run to bar the action, that the allegations concerning the concealment of the cause of action were sufficient to bring the case within the provision of section 301, Burns’ R. S. 1894 (300, R. S. 1881). If the allegation concerning the concealment, circumstances of discovery and time when made was not sufficiently certain and definite, the remedy was by a motion to make-more specific.
However, the statute of limitations is a defense, and it was not necessary to anticipate and attempt to avoid such defense in the complaint. When any statute of limitations is pleaded as a defense, if the facts bring the case within any of the exceptions to the *582 statute, they may be set up in the reply. This is the proper practice.
Section 254, Burns’ R. S. 1894 (Acts 1889, p. 264), provides “That whenever any public officer or other person is required by the laws of this State to give bond for the performance of his duties, and more than one bond is given by the same officer or person for the performance of such duties, either during the same period of time or for successive periods of time, any person entitled to sue upon either of said bonds may bring a joint suit upon all or any number of said bonds, and in such action the liability of all the respective sureties thereon .shall be determined by the court or jury.”
Under this section, if any public officer, guardian, executor, administrator, commissioner or other person required by the laws of this State to give bond for the performance of his duties, if he give more than one bond, may be sued upon all or any one or more of the bonds so given in the same action.
It was proper, therefore, to sue upon both bonds in the same action although they were not signed by the same sureties.
Appellee, Parsons, urges that the third paragraph was not sufficient to withstand his demurrer for the reason that it is not averred therein that the “grantor, Beeson, had no property from the making of the conveyance until his death.” Such an averment was not necessary. Bottorff v. Covert, 90 Ind. 508, 514; Cox v. Hunter, 79 Ind. 590; Bruker v. Kelsey, 72 Ind. 51; Gallentine v. Wood, 137 Ind. 532; Henry’s Probate Law, sections 199, 200.
It was averred in said paragraph that he (Beeson) had no property subject to execution at the time of his death, and that his estate is wholly insolvent. This was sufficient to show that there was no property of *583 said estate with which to pay relator’s claim, except by setting aside said conveyance. Bottorff v. Covert, supra; Taylor v. Johnson, 113 Ind. 164. Appellee, Parsons, also contends that said third paragraph is insufficient because, although it averred that he paid no consideration for the conveyance of said real estate, it appears from the allegations of said paragraph that he paid full consideration therefor. It is sufficient in a complaint to set aside a fraudulent conveyance to allege either that the grantee received said conveyance with knowledge of the fraudulent purpose of the grantor, or that the grantee was a mere volunteer who paid no consideration. Rollet v. Heiman, 120 Ind. 511, 514. Conceding, without deciding, that said paragraph shows that a valuable consideration was paid, yet the paragraph is .sufficient for the reason that it was alleged that said appellee, Parsons, received said conveyance with full knowledge of the fraudulent intent of Beeson, the grantor. It was not necessary to allege that the land conveyed was worth more than the amount allowed by law as exempt from execution. If the same was exempt that was a matter of defense. Slagle v. Hoover, 137 Ind. 314, 316; Moss v. Jenkins, 146 Ind. 589.
The solvency or insolvency of the sureties on the guardian’s bond cannot affect the right of the relatrix to have the conveyance of the real estate to the appellee, Parsons, by Beeson, the principal on said bonds set aside, if fraudulent, in order that the same may be sold by the administrator for the payment of the debts of the decedent, Beeson. There is no allegation in the fourth paragraph that the estate of said Beeson was insolvent, or that the assets of said estate in the hands of the administrator were not sufficient to pay all the debts of said decedent including the claim of the relatrix. Unless necessary to the payment of the claim *584 of the relatrix, she has no ground upon which to attack the conveyance to said Parsons. Brumbaugh v. Richcreek, 127 Ind. 240. The fourth paragraph was, therefore,, not sufficient to withstand the demurrer.
It was said.by this court, in Bowen v. State, ex rel., 121 Ind. 235: “The primary object of the.suit is to collect the a'mount due on the bond, and the plaintiff may join in his. complaint such other matters as are necessary for a complete remedy and speedy satisfaction of his judgment.”
The judgment of the court is reversed with instructions to overrule the demurrers to the first, second, and third paragraphs of the complaint, and permit appellant to file an amended complaint if desired, and for further proceedings not inconsistent with this opinion.