## ZARING ET AL. *v.* PERRIN NATIONAL BANK.

[Nos. 5,026 and 5,027. Filed November 2, 1904.]

1. APPEAL AND ERROR.—*Transcript.*—*Defective Certificate.*—Where the clerk's certificate to a transcript on appeal states that the "above and foregoing transcript is a full, true, and complete transcript and copy of the entries" in such cause, no question can be raised on the pleadings or conclusions of law, since such certificate fails to show that such transcript contains "full, true, and complete copies of all papers and entries in said cause" as required by act of 1903. (Acts 1903, p. 338.) p. 6.

2. APPEAL AND ERROR.—*Transcript.*—*Defective Certificate.*—*Amendment.*—Where, on motion of appellee to dismiss the appeal against him on the grounds that no seal of the court was attached to the clerk's certificate to the transcript and that the clerk's certificate covered only the "entries" in the cause, leave was given the appellant to amend, and such appellant caused the seal to be attached but made no amendment to the certificate, no question is presented on the pleadings.  p. 7.

From Johnson Circuit Court; *W. J. Buckingham,* Judge.

Action by the Perrin National Bank against Rufus S. Zaring and others.  From a judgment for plaintiff, defendants appeal.  *Affirmed.*

*James M. Robinson, W. E. Deupree* and *L. Ert Slack,* for appellants.

*R. M. Miller* and *H. C. Barnett,* for appellee.

COMSTOCK, J.—This action was brought by appellee against appellants upon a promissory note, payable in a bank in this State, executed by appellants to J. Crouch & Son, and by them assigned to appellee before maturity as collateral security for the payment of an existing indebtedness of the payee to appellee, and to secure future advancements to said J. Crouch & Son.  Answers were filed, the cause put at issue, and a special finding of facts made by the court at the request of both parties, on which conclusions of law were stated, and judgment rendered in favor of appellee for $450.

1.  Before entering upon the discussion of the merits of the cause appellee insists that none of the pleadings are certified by the clerk of the trial court.  The first seven alleged errors are based upon rulings of the trial court upon demurrers.  The remaining errors claimed are upon the special findings of the court and conclusions of law.  The certificate of the clerk attests that the "above and foregoing transcript is a full, true and complete transcript and copy

of the entries, beginning with the filing of the amended complaint herein as per precipe in the cause of the Perrin National Bank v. Rufus S. Zaring et al., No. 119, and that the bill of exceptions containing the evidence as filed in my office is entered in and made a part of the transcript." It is not certified that the transcript contains copies of the papers of the cause. The certificate should show that the transcript contains "full, true, and complete copies of all papers and entries in said cause required." Acts 1903, p. 338. All papers pertaining to a cause embrace entries, complaint, answer and reply. *Heizer* v. *Kelly* (1881), 73 Ind. 582.

The complaint being the basis of the action, without it no error can appear. The alleged errors founded upon the special findings of the court are not presented, because answers setting up defenses are not certified. The clerk's certificate in No. 5,027, consolidated with this cause, is in the same language as the certificate in this case. For these reasons errors in the ruling upon the pleadings or conclusions of law are not made to appear. It appears, however, from the evidence, that the note in suit was executed in part payment of a horse purchased by the makers thereof from J. Crouch & Son; that the horse proved to be unsatisfactory; that he was taken back by the vendors, and another horse given the purchasers in exchange in settlement of the difference between vendors and vendee. So far as appears the second horse was satisfactory.

2. It is proper to add that on February 15, 1904, appellee filed its motion to dismiss the appeal; one of the grounds of said motion was that the transcript in said cause was not attested by the seal of the Johnson Circuit Court. On February 26 appellants asked-for and were granted leave to have the clerk of said court amend said transcript and his certificate thereto, by attaching his seal to said certificate. This was done. The certificate, however, as hereto-

fore set out, was not changed. Appellants' attention was called to the certificate both by the motion to dismiss and the brief of appellee.

No errors are presented authorizing a reversal of the judgment. Judgment affirmed.