ROBERTS *v.* SMITH, EXECUTOR.

[No. 20,540.   Filed June 6, 1905.   Rehearing denied October 27, 1905.]

1. GUARDIAN AND WARD.—*Marriage of Female Ward.—Statutes.* —By statute (§2690 Burns 1901, §2526 R. S. 1881) the marriage of a female ward to a person of full age dissolves the relationship of guardian and ward and requires the guardian, with the assent of the husband, to settle with such ward.   p. 418.

2. SAME.—*Settlement.—Action for Balance.*—An emancipated ward may maintain an action against the retiring guardian personally or on his official bond for the balance due from such guardian.   p. 418.

Roberts *v.* Smith—165 Ind. 414.

3.  ASSUMPSIT.—*Money Received.*—*Action.*—*Guardian and Ward.* —An action to recover plaintiff's money received by defendant while guardian of plaintiff and converted to his own use is not for the setting aside of a guardian's final settlement, but is an ordinary action for money had and received.   p. 419.

4.  LIMITATION OF ACTIONS.—*Money Received.*—*Concealment.*— *Statutes.*—An action to recover money received for plaintiff and converted to his own use by defendant while plaintiff's guardian is given by the common law, and the general six-year statute of limitations (§293 Burns 1901, §292 R. S. 1881) governs unless excepted therefrom by some other statute.   p. 419.

5.  SAME.—*Guardian and Ward.*—*Statutes.*—The three-year statute of limitations prescribed in §2558 Burns 1901, §2403 R. S. 1881, does not apply to an action for the recovery of money received by defendant as plaintiff's guardian and converted to his own use.   p. 419.

6.  PLEADING.—*Complaint.*—*Limitation of Actions.*—*Exceptions.* —Where the statute of limitations contains no exception, a complaint disclosing that the statute has run is subject to a demurrer; but where such statute contains exceptions such complaint, unless it affirmatively shows that the cause is not covered by any exception, is not subject to demurrer.   p. 420.

7.  SAME. — *Complaint.* — *Limitation of Actions.* — A complaint showing that defendant received plaintiff's money while her guardian and converted same to his own use is not demurrable even though it discloses that more than six years have elapsed since such guardian's discharge and the conversion of such money.   p. 420.

From Wells Circuit Court; *Edwin C. Vaughn,* Judge.

Action by Mary A. Roberts against Jacob H. C. Smith as executor of the will of Jacob First, deceased.   From a judgment for defendant, plaintiff appeals.   Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.   *Reversed.*

*W. H. Eichhorn, F. M. McFadden* and *George A. Matlack,* for appellant.

*Dailey, Simmons & Dailey* and *Jacob H. C. Smith,* for appellee.

HADLEY, J.—Concealment of cause of action.   It appears that in 1863 Jacob First was appointed guardian of the appellant, who was his stepdaughter.   In addition to a

sum of money received for his ward from her father's estate, in November, 1865, he went to Ohio, and, in the capacity of such guardian, received for his said ward from the estate of another deceased relative the sum of $157. Upon his return from Ohio he informed his ward that he had received nothing whatever for her, and in fact never took up in his trust account or accounted to her for any part of said $157. In 1867, appellant having married a man of full age, her guardian, with the husband's consent, accounted to her for all the money he had received from her father's estate, except $127, which was never paid or accounted for, and made his final settlement report to the court, which was approved, and said guardian discharged. Said guardian died testate in 1902, and appellee herein is his executor. This action was commenced in 1903 by appellant's filing a claim against her former guardian's estate for money had and received. A demurrer thereto was sustained upon the theory that the complaint showed upon its face that the action was barred by the statute. Appellant stood by her complaint, whereupon judgment was rendered against her, from which she appeals.

The sufficiency of the complaint is the only question before us. The complaint alleges the guardian's appointment, the relationship of the parties, the receipt by the guardian of money from the estate of appellant's father, the trip to Ohio to look after appellant's inheritance in that state, the receipt of $157 for her, his conversion and concealment thereof; the settlement with appellant upon her marriage, and the accounting to her and to the court for all the money received from her father's estate, except $127 which was never paid or accounted for; and, with reference to the money received by said guardian for the plaintiff in the state of Ohio, the complaint continues: "And the plaintiff says that said estate was settled in Holmes county, Ohio; that there was no administration thereon, but the entire

assets thereof were distributed among the heirs of said estate at a meeting of her said guardian with the adult heirs then living in Ohio; that this plaintiff at the time lived in Wells county, Indiana, with her mother and had no knowledge of the extent of said estate, and he, her said guardian, upon his return home from Ohio, reported to her that he realized nothing for her from said estate, but that the whole estate had been squandered and wasted by John Campbell and Samuel Bell, and that it would be futile to attempt to recover anything for her therefrom; that said guardian being her stepfather, and she having no means of communicating with relatives in Ohio, and because of her confidence in the representations and statements of her guardian, the plaintiff believed that nothing had been received by him for her from the state of Ohio, and that she did not learn or know until after his death that her guardian had received said sum of $157.

The argument of appellee in support of the judgment proceeds upon the theory, which he affirms was the theory of the court below in disposing of the case, that §301 Burns 1901, §300 R. S. 1881, which reads as follows: "If any person liable to an action shall conceal the fact from the knowledge of the person entitled thereto, the action may be commenced at any time within the period of limitation, after the discovery of the cause of action"—is not applicable to a case of this class. His contention being that said section occurs as a part of the code concerning the limitation of actions generally, and which, by express provision (§295 Burns 1901, §294 R. S. 1881), does not apply to special cases where a different limitation is prescribed by statute. He also directs attention to §2557 Burns 1901, Acts 1883, p. 151, §27, and §2558 Burns 1901, §2403 R. S. 1881, as controlling in this case, and which provide that all actions to set aside a final settlement of an estate, which also applies to guardianships (*State, ex rel.,* v. *Parsons* [1900], 155 Ind.

67), must be brought within three years from the date of such settlement. The argument lacks force because it proceeds from an erroneous premise.

The statute in force in 1867 provided: "The marriage of any female ward to a person of full age shall operate as a legal discharge of the guardianship; and the guardian shall be authorized to account to the wife, with the assent of the husband." §2690 Burns 1901, §2526 R. S. 1881. It was held in *Kidwell* v. *State, ex rel.* (1873), 45 Ind. 27, that the last clause of the above section should be construed to mean that upon the marriage of his female ward to a man of full age, with the assent of her husband, the guardian shall be required to settle with the wife. It has also been uniformly held that the arrival of the ward at full age, or the marriage of a female as above noted, operates as a dissolution of the relation of guardian and ward, and leaves the simple relation of debtor and creditor. *Ex parte Post* (1874), 47 Ind. 142; *Stumph* v. *Pfeiffer* (1877), 58 Ind. 472; *Stroup* v. *State, ex rel.* (1880), 70 Ind. 495, 498; *Spicer* v. *Hockman* (1880), 72 Ind. 120, 125; *Jones* v. *Jones* (1883), 91 Ind. 378.

It is said in the case of *Spicer* v. *Hockman, supra:* "After the marriage of said Charlotte [the ward], and the maturity of her claim for a settlement which followed her marriage, the fiduciary relation of McFall [the guardian] ceased, and he became thereafter a debtor simply for the balance remaining in his hands" belonging to the ward. To same effect see, also, Angell, Limitations (6th ed.), §178, and authorities collated.

In harmony with the doctrine of the above cases, it has been at least three times held by this court that the trust being ended by the happening of either of the above-mentioned events, and the simple relation of debtor and creditor established, the emancipated ward may, if his retiring guardian fails to settle as the law directs,

bring suit on the bond, or against the guardian individually, as he may elect. *Jones* v. *Jones, supra; Lambert* v. *Billheimer* (1890), 125 Ind. 519; *State, ex rel.,* v. *Parsons* (1897), 147 Ind. 579, 583, 62 Am. St. 430.

It should be borne in mind that this is an ordinary action for money had and received, and not a suit to set aside a guardian's final settlement, nor a suit upon a guardian's bond. Hence the doctrine of *State, ex rel.,* v. *Parsons* (1900), 155 Ind. 67, is not relevant. Neither is it within the principle announced in *Bartlett* v. *Manor* (1897), 146 Ind. 621, with respect to special cases, where a different limitation is prescribed by statute.

This is not a special action under a special statute. The right to maintain actions of this class is not given by statute, but exists at common law. It is therefore within the purview of the general statutes of limitations, and, under §293 Burns 1901, §292 R. S. 1881, must be brought within six years, unless within some specified exception. See the cases of *Jones* v. *Jones, supra; Lambert* v. *Billheimer, supra,* and *State, ex rel.,* v. *Parsons* (1897), 147 Ind. 579. It is therefore within the protection afforded by §301, *supra,* against concealment. *State, ex rel.,* v. *Parsons* (1897), 147 Ind. 579.

This brings us to the main question: Does the complaint make such a case of concealment of the cause of action within the meaning of the statute as prevented the running of the statute of limitations until actual discovery in 1903? Appellee does not deny that the complaint contains facts sufficient to constitute a cause of action, if timely asserted, but his criticism of the complaint is based solely upon the ground that it shows upon its face that the action is barred by the three-year limitation contained in §2558, *supra.* As we have seen the statute relied upon has no application to this form of action, and therefore presents no ground of demurrer.

Even if the six-year statute had been relied upon by the

defendant, it would have been no less an error to sustain his demurrer. It is true, the complaint shows that the wrong complained of was consummated at a time long prior to six years next before the commencement of this suit. But a hiding from the plaintiff of the cause of action by the defendant, within the meaning of §301, *supra,* effects a postponement of the statute during the period of concealment, and therefore constitutes an exception to the general statute, which exception carries a complaint beyond the reach of a demurrer for being unseasonably brought. The rule in this regard, as frequently declared by this and the Appellate Court, is this: "Where the limitation in a certain case is absolute, and there are no exceptions to the running of the statute, and the complaint shows, upon its face, that the action was commenced after the time limited, the question can be raised on demurrer. But where there are exceptions to the period limited by statute, in any case, and the complaint shows, upon its face, that the action was not brought within the time limited, still the question can not be raised by demurrer to the complaint, unless it also shows that the particular action is not within any of the exceptions to the statute." *Dorsey Machine Co.* v. *McCaffrey* (1894), 139 Ind. 545, 554, 47 Am. St. 290, and cases cited; *Kent* v. *Parks* (1879), 67 Ind. 53; *Pence* v. *Young* (1899), 22 Ind. App. 427, 434, and cases cited.

It is manifest that the pleader intended to bring his case within the provisions of §301, *supra,* as interpreted by this court in *Jackson* v. *Jackson* (1898), 149 Ind. 238, 242; *Dorsey Machine Co.* v. *McCaffrey, supra,* and other previous cases. If he succeeded, and the claim was otherwise sufficiently stated, it was not demurrable. If the pleader failed in his averments to show legal concealment, and, outside of such averments, enough remains of the complaint to amount to a succinct and definite statement, clearly showing the plaintiff's right, aside from the lapse of

time, to recover from the estate, it was good against a demurrer. As was said in *Pence* v. *Young, supra:* "All the averments relating to concealment and discovery might have been omitted, and still the complaint would have been sufficient, and their presence in the complaint did not render it insufficient." It therefore becomes a work of supererogation to consider whether the averments of the complaint are sufficient, with respect to the active fraud of the decedent, the reasonable belief and reliance thereon by the plaintiff, and want of opportunity for discovery of the fraud, to warrant a suspension of the statute of limitation.

Judgment reversed, and cause remanded, with instructions to overrule the demurrer to the complaint.