## ROBERTS v. SMITH, EXECUTOR.

[No. 6,236. Filed February 2, 1909. Rehearing denied April 30, 1909.]

1. APPEAL.—*Precipe.—Omissions.—Effect.*—Where appellant's precipe called for particular parts of the record, but omitted the motion for a new trial, no question can be raised thereon, although the clerk embodied a copy thereof in the transcript. p. 615.

2. APPEAL.—*Clerk's Certificate.*—The clerk's certificate gives verity to the record entries, and the inclusion of a copy of a paper or entry, which his certificate does not cover, is unavailing. p. 616.

From Wells Circuit Court; *D. D. Heller*, Special Judge.

Action by Mary A. Roberts against Jacob H. C. Smith, as executor of the will of Jacob First, deceased. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*F. M. McFadden, Eichhorn & Matlack* and *E. C. Vaughn*, for appellant.

*Abram Simmons, Frank C. Dailey* and *Jacob H. C. Smith*, for appellee.

MYERS, J.—This is the second appeal of this cause by the appellant from a judgment against her in the trial court.

On the first appeal the complaint was held good, and the cause remanded. *Roberts* v. *Smith* (1905), 165 Ind. 414. Upon the return of the case to the trial court such proceedings were had that upon a trial a finding was rendered in favor of the appellee and against the appellant for costs.

The only alleged error assigned is the overruling of appellant's motion for a new trial. The appellee insists that no question is presented, for the reason that the motion for a new trial cannot properly be regarded as in the record, though it is set forth in the transcript on appeal.

The appellant filed a precipe for a transcript, which is copied into the record immediately preceding the clerk's certificate. Omitting the caption, the precipe is as follows:

"To the Clerk of the Wells Circuit Court.
You are hereby directed and requested by the plaintiff in the above-entitled cause to make out a full, true and complete transcript in said cause for use on appeal in the Appellate Court of the State of Indiana, said transcript to embody the following: (1) The amended complaint and order-book entries as to filing thereof. (2) All answers thereto. (3) All demurrers. (4) All replies. (5) All demurrers thereto. (6) All the order-book entries made in said cause since and after the certified opinion of the Appellate Court on a former appeal, from the ruling on demurrer in said cause, was ordered spread of record, including the order-book entries relating to the trial of said cause. (7) The judgment rendered in said cause and the entry relating to an appeal therefrom. (8) The appeal bond filed and all entries relating thereto. (9) Also include the original bill of exceptions containing the evidence, and the rulings of the court with reference thereto, as filed in your office, and the transcript of the order-book entry showing the filing thereof. (10) This precipe."

This is followed by the signature of the appellant's attorneys. In his certificate to the transcript the clerk certifies "that the above and foregoing transcript is a full, true and complete transcript of the amended complaint, and all order-book entries as to the filing thereof," etc., specifying the several parts of the record substantially as in the prec-

ipe, and not making any mention of a motion for a new trial, or in any manner referring thereto.

In *Workman* v. *State, ex rel.* (1905), 165 Ind. 42, the court, having referred to §661 Burns 1901, §649 R. S. 1881, and to Acts 1903, p. 338, §7, said: ''It is still the right of a party desiring to appeal to take up a part only of the record of a cause, and in such case he must file with the clerk a written precipe specifying the parts of the record desired. When a party elects to exercise this right and directs in writing specifically what papers and entries shall be transcribed and certified for appeal, the fault is his if he fails to secure such a transcript as will fully and clearly present all the questions which he desires the court to review and decide. It follows that if, in his precipe, he omits papers or entries essential to a consideration of any question, his appeal will be so far unavailing. The precipe when in writing is a part of the record under both the act of 1903, *supra* [Acts 1903, p. 338], and §661, *supra* [§661 Burns 1901, §649 R. S. 1881], and the clerk can only properly certify and authenticate such parts of the record as are designated in the precipe or precipes of the parties.'' Thereupon it was held that a certain part of the record omitted from the precipe in that case could not be made a part of the record by the act of the clerk in embracing and certifying it with the transcript.

If there were room for the indulgence of a presumption that any other order or direction for a transcript was given and obeyed in the making of the transcript before us than that embraced in the precipe before set forth, or if a copy of the motion for a new trial could be regarded as inserted in the transcript pursuant to this precipe, or any other allowable direction, yet it could not be said that the motion for a new trial was duly certified. The clerk has not certified to the transcript as a transcript of the record of the cause in full, but he has certified only to certain parts of the record, not including a motion for a new trial.

"A court speaks by its record, and the record is authenticated by the certificate of the clerk and the seal of the court." Conkey v. Conder (1894), 137 Ind. 441. "It is the certificate of the clerk that gives verity to the record entries." Gray v. Singer (1894), 137 Ind. 257. See, also, Winstandley v. Breyfogle (1897), 148 Ind. 618; Watson v. Finch (1898), 150 Ind. 183. The alleged error is founded on the motion for a new trial, and as such motion is not properly before us no question is presented. Zaring v. Perrin Nat. Bank (1904), 34 Ind. App. 5.

No error is presented. The judgment is affirmed.