## CAMPBELL v. SMITH, EXECUTOR.

[No. 7,515.   Filed March 13, 1912.]

1. GUARDIAN AND WARD.—*Final Settlement.—Adjudication.*—The approval by the court of the final settlement of a guardian is an adjudication of the matters included in such report, and is conclusive on all the parties until set aside in direct proceeding for that purpose, but as to all matters not included therein there is no adjudication. p. 641.

2. GUARDIAN AND WARD.—*Final Settlement.—Notice to Ward.*—The filing by the guardian of his report in final settlement is of itself sufficient notice to the ward that such report is filed, and the court's approval thereof is an adjudication of the matters therein contained. p. 642.

3. LIMITATION OF ACTIONS.—*Money Had and Received.—Final Settlement.—Concealment.*—Where a retiring guardian, in his final report filed and approved in 1869, failed to include therein a sum received by him for his ward, and of which the ward had no knowledge until 1903, an action by the ward against the guardian's estate for money had and received is not barred by the filing and approval of such report notwithstanding the provisions of §2924 Burns 1908, Acts 1883 p. 162, and §2925 Burns 1908, §2403 R. S. 1881, but is maintainable under §302 Burns 1908, §300 R. S. 1881. p. 642.

From Wells Circuit Court; *Charles E. Sturgis,* Judge.

Action by Robert Campbell against Jacob H. C. Smith as executor of the will of Jacob First, deceased. From a judgment for defendant, plaintiff appeals. *Reversed.*

*W. H. Eichhorn, E. C. Vaughn,* for appellant.

*J. H. C. Smith, Abram Simmons, Frank C. Dailey,* for appellee.

IBACH, P. J.—The sole question presented by this appeal is the sufficiency of the amended complaint to withstand a demurrer.

The action is against the estate of Jacob First for moneys had and received by him as guardian. It is alleged that in December, 1863, Jacob First was duly appointed guardian of appellant, then a minor; that while First was acting as

guardian there came into his hands for appellant sums of money aggregating $794.36; that he as guardian charged himself with only $636.26 of said sums, and wholly failed to charge himself with the remainder, amounting to $158.10, or to account for it in any way, and never accounted for or paid over said sum or any portion thereof to appellant; that on January 19, 1869, First filed in the court of common pleas of Wells county his final report as guardian of appellant, which was duly approved, and First discharged; that appellant had no notice at the time of the filing of said final report, and no settlement was ever had between him and his guardian; that decedent in his final report as guardian charged himself with credits to the amount of $60.86, which were not proper, which amounts had been paid by appellant out of his own means, and which had never been accounted for to him by decedent; that decedent received $157.85 for appellant while his guardian from the estate of appellant's brother, and appellant did not know until after decedent's death that he had received such sum for appellant, and had failed to charge himself therewith as guardian; that at the time the guardianship was terminated, appellant had confidence in his guardian, believed that he had fully accounted for all moneys belonging to appellant, and did not investigate the transactions pertaining to such guardianship; that his brother's estate was settled in Holmes county, Ohio, without administration, and the proceeds were distributed among the heirs at a meeting in Ohio of appellant's guardian with the adult heirs of the estate living in Ohio; that appellant was not present at the settlement, and his guardian, when he returned from Ohio, told him there was nothing coming to him from that estate, but that the heirs in Ohio had squandered it; that the guardian was appellant's stepfather; that appellant had no ready means of communicating with his Ohio relatives, relied on what decedent told him, having confidence in him, and believed that nothing had been re-

ceived from his brother's estate, and did not learn that said sum had been received by his guardian until after the guardian's death in 1903.

A complaint against the same estate by a sister of appellant, involving the same facts as here alleged concerning a similar sum of money received from said brother's estate, was considered by the Supreme Court in the case of *Roberts* v. *Smith* (1905), 165 Ind. 414, and held sufficient.

Appellee concedes that the decision in the case just cited is conclusive of the point that the statute of limitations is no bar to the present action, but contends that the filing, and the approval by the court, of the guardian's report was an adjudication against the ward as to all moneys received by the guardian, whether he charged himself with the amounts in his report, and that the present action is barred by the former adjudication involved in the filing of the guardian's report, and his discharge by the court.

On this question, this court said in the case of *State, ex rel.,* v. *Petersen* (1905), 36 Ind. App. 269: "It appears from the allegations of the complaint that a final set-

1. tlement was made which was approved by the court and the guardian discharged. This report still stands. The law is well settled by a long line of decisions in this State that such action by the court upon the final settlement of the guardian is an adjudication of the matters included in such report, and is conclusive upon all the parties interested until set aside by direct proceedings for that purpose, and cannot be attacked in a suit on the bond or in any other manner collaterally. *Horton* v. *Hastings* (1891), 128 Ind. 103; *State, ex rel.,* v. *Parsons* (1897), 147 Ind. 579, 62 Am. St. 430; *Carver* v. *Lewis* (1886), 104 Ind. 438; *Castetter* v. *State, ex rel.* (1887), 112 Ind. 445; *State, ex rel.,* v. *Kelso* (1884), 94 Ind. 587. It is also the law that as to all matters not included in such final settlement there is no

adjudication, 'and it is not necessary to set aside such report in order to attack the transaction.' *Taylor* v. *Calvert* (1894), 138 Ind. 67, 83, and cases cited.''

It appears from the complaint before us that decedent charged himself in his report with improper credits to the amount of $60.86. It must be held, under the authorities before cited, that there was an adjudication as to this amount, for although appellant avers that he had no knowledge of the filing of the final report, the filing itself is sufficient notice to him.

As to the other portion of appellant's claim, the facts are similar to those set out in the complaint in the case of *Roberts* v. *Smith, supra*. We have referred to the record and the briefs in that case, and find that exactly the same argument as to former adjudication, which is presented to us now, with the same authorities to support it, was there brought before the Supreme Court, both on the first hearing and on petition for rehearing. Under that decision, the present complaint is good as to the sum of money received from appellant's brother's estate. The court there held that the guardian having failed to settle for certain amounts as the law directed, the ward, after the termination of the guardianship, had the right to sue the guardian individually, and as the guardian had concealed the cause of action from the plaintiff, the latter might, under §302 Burns 1908, §300 R. S. 1881, bring the action within six years from the time of discovery. That is, since the retiring guardian failed to settle, as the law directed, for the sum received for appellant from his brother's estate, and did not include in his report the sum so received, an action such as the present one is not barred by the filing and approving of this report, although §§2924, 2925 Burns 1908, Acts 1883 p. 162, §2403 R. S. 1881, provide that an action to open up a final settlement must be brought within three years from the time thereof. Since this point has been clearly decided against

NOVEMBER TERM, 1911. 643

Terre Haute, etc., Traction Co. *v.* Phillips—49 Ind. App. 643.

appellee in the case of *Roberts* v. *Smith, supra,* the judgment is reversed, with directions to overrule the demurrer to the amended complaint.

Myers, J., absent.