Perrette v. New Albany, etc., Plank Road Co.—58 Ind. App. 256.

notices as ordered was served and no constructive notice was given until March 16, 1911, the date of the first publication notice, which was five years, two months and twenty-four days after the original judgment was rendered, and too late to obtain the relief sought by this proceeding. We are satisfied that we have placed on the sections of the statutes relied upon by appellants the construction intended by the legislature and which is in harmony with the spirit of this law, and with the general principles announced in analogous cases. *Grayson* v. *Patterson* (1855), 7 Ind. 238; *Temple* v. *Irvin* (1870), 34 Ind. 412.

We can not agree with appellants that appellee by appearing to the several petitions after the expiration of the limited period of five years waived the required notice and thereby gave the trial court jurisdiction. At the time appellee's attorneys filed a demurrer to the motions of appellant, the court did not have jurisdiction of the subject-matter involved, and such jurisdiction could not then be conferred by the appearance or consent of the parties. *Huber* v. *Beck* (1892), 6 Ind. App. 47, 50, 32 N. E. 1025; *Douglas* v. *Keehn* (1881), 78 Ind. 199. In view of the facts as they are revealed by the record, we are satisfied that the finding and judgment of the lower court should be sustained.

Judgment affirmed.

NOTE.—Reported in 104 N. E. 769. As to statutes authorizing vacation of judgments when taken by default, see 58 Am. Dec. 392. See, also, under (1) 23 Cyc. 958, 889; (2) 23 Cyc. 952.

---

PERRETTE *v.* NEW ALBANY AND VINCENNES PLANK ROAD COMPANY.

[No. 8,524.  Filed March 12, 1915.]

1. APPEAL.—*Record.—Questions Reviewable.*—Where the only error assigned was in sustaining a demurrer to appellant's amended complaint, and the precipe for a transcript called for "the amended complaint filed September 21, 1911, and order book

entry of filing same", etc., and the order book entry appearing in the record on return to a writ of certiorari showed the filing of an amended complaint on September 14, 1911, while the amended complaint appearing in the record bears the date of September 12, 1911, there is such confusion as to preclude a consideration of the error assigned. pp. 257, 259.

2. APPEAL.—*Precipe.—Record.—Questions Reviewable.*—A complete transcript of the record may be ordered orally, but, if a party desired only parts of the record, the parts desired must be designated in the precipe, and the papers not so designated will not be considered in determining the matters presented for appeal. p. 258.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Action by Lela B. Perrette against the New Albany and Vincennes Plank Road Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Laurent A. Douglass,* for appellant.
*Charles D. Kelso,* for appellee.

SHEA, J.—The court below sustained a demurrer to appellant's amended complaint. This ruling is the only error assigned in this court. It is very earnestly insisted on behalf of appellee that no question is presented because the record does not conform to the praecipe filed by appellant in the court below. The praecipe, omitting the formal parts, reads as follows: "You will please make out and certify a transcript of the following papers and records in the above entitled cause for use on appeal to the Appellate Court. 1. The amended complaint filed September 21, 1911, and order book entry of filing same. 2. Demurrer to amended complaint and entry showing same. 3. Entry showing the sustaining of demurrer to the amended complaint and judgment. 4. Certificate to transcript." It will be observed that the praecipe calls for the amended complaint filed September 21, 1911, and order book entry of filing same. A writ of certiorari issued from this court on May 27, 1913. On July 18, 1913, the writ was re-

turned. The writ prayed for a correction of the record to show the filing of an amended complaint on September 14, 1911. The order book entry thus made a part of the record reads as follows: "Comes the plaintiff by Laurent A. Douglass her attorney and files her motion (here insert) praying for an entry *nunc pro tunc*, correcting the record herein to show the filing by plaintiff on the 14th day of September, 1911, of an amended complaint by inserting in the record herein the word 'amended' before the word complaint. And the defendant now appears by Messrs. Kelso & Voigt its attorneys, and this matter is submitted to the court. And the court being satisfied now orders that the clerk do amend the record herein of the 14th day of September, 1911, by inserting in the record therein the word 'amended' before the word complaint so as to show the filing of amended complaint." It will be observed that the praecipe calls for an amended complaint filed on September 21, 1911. It will be further observed that the amended complaint in the record was filed on September 14, 1911. The amended complaint filed on September 21, 1911, superseded all complaints and amended complaints theretofore filed.

It has been repeatedly held by both this and the Supreme Court that a party may orally order a complete transcript of the record, but, if he desires only parts of the record, then the parts desired must be designated, and other papers not so designated in the praecipe will not be considered by this court in determining the matters presented for appeal. *Workman* v. *State, ex rel.* (1905), 165 Ind. 42, 73 N. E. 917; *King* v. *Hoover* (1915), 57 Ind. App. 558, 105 N. E. 172; *Roberts* v. *Smith* (1909), 43 Ind. App. 613, 87 N. E. 37; *McCaslin* v. *Advance Mfg. Co.* (1900), 155 Ind. 298, 299, 300, 58 N. E. 67; *Allen* v. *Gavin* (1892), 130 Ind. 190, 191, 29 N. E. 363.

The amended complaint which appears in the record in this case bears date of September 12, 1911, which makes "confusion worse confounded". This court is not able to

say that the amended complaint which thus appears
1.  in the record is the amended complaint which the
praecipe demanded.  Said amended complaint so called
for by the praecipe not being presented to this court, no
question as to its sufficiency can be considered.

Judgment affirmed.

NOTE.—Reported in 108 N. E. 128.  See, also, under (1) 3 Cyc.
134, 155; (2) 3 Cyc. 101.