## RUCKER v. KELLEY.

[No. 9,089. Filed October 13, 1916. Rehearing denied December 19, 1916. Transfer denied February 15, 1917.]

1. GUARDIAN AND WARD.—*Final Settlements.—Vacating.*—Applications to set aside final settlements of guardians must show that the person seeking to set it aside were not notified to appear and did not appear at the hearing of the final settlement report. p. 647.

2. GUARDIAN AND WARD.—*Successive Guardianships.—Attack on First Guardian's Accounts after Final Settlement.*—Where a guardian resigned and was succeeded by another, who made a final settlement of the estate, an heir to the ward could not, after such final settlement, recover compensation allowed the first guardian at the time of making her last report and penalties for alleged failure to comply with the statutes in making current reports, it not appearing from the heirs' complaint that she was not notified to appear and was not present at the hearing of the final report, at which time error in partial reports should be presented, since the attack on the last report of the first guardian, which was not a final report, was, under the allegations of the complaint, an attempt to question the final settlement indirectly and a final report which has been approved cannot be questioned on a collateral proceeding.  p. 647.

From Benton Circuit Court; *Burton B. Berry,* Judge.

Action by Nettie Rucker against Elizabeth Kelley.  From a judgment for defendant, the plaintiff appeals.  *Affirmed.*

*Charles R. Milford,* for appellant.
*Edmon G. Hall,* for appellee.

IBACH, J.—This is an action by appellant on a complaint of which the following are the substantial allegations: Appellee was appointed guardian of Mary E. Kelley on January 10, 1908, and qualified as such.  She filed her final report as such guardian on January 14, 1913.  Her first current report was filed on April 12, 1910.  An amended first current report was filed on June 13, 1910.  On October 7, 1912, she filed a second current report, and no other reports have been filed by her.  In filing said reports on the dates above mentioned, she failed, neglected and refused to comply with the statutes of Indiana to render on oath an account of her receipts and expenditures as guardian, at least once in every two years.  She was allowed by the court the sum of $150 for her services as guardian.  Because of her failure to file reports as required by law, she was not entitled to any compensation as guardian whatsoever; that there was due from her to the ward an amount equal to ten per cent. in damages of the whole estate in her hands.  The

said final report by appellee as guardian was duly approved, and she and her bondsmen were discharged on the — day of January, 1913. After the approval of the final report and discharge of the guardian, Mary E. Kelley died in July, 1913, leaving plaintiff as her sole heir at law. The report filed by appellee was not the final settlement of the estate of Mary E. Kelley, and another guardian was appointed to succeed appellee. Mary E. Kelley died intestate, and all of her debts have been paid and satisfied, and her estate has been settled out of court without administration. The money due from the guardian to Mary E. Kelley is due plaintiff as her sole heir. The allowance by the court to said guardian was unlawful and unauthorized, and her discharge as guardian was premature, since there was due by the guardian to the ward the amount of $182.36 as penalty for failure to make the reports required by law. The prayer is that the order approving said final report and discharging the appellee as guardian should be set aside, and rendered null and void, and the guardian should be compelled to pay into court the amount allowed her for services, and $32.36 as penalty for failure to comply with her duties as guardian. The only error assigned is the sustaining of appellee's demurrer to the complaint.

It is the rule that applications to set aside final settlements of guardians must show that the persons seeking to set it aside were not notified to appear and did not appear at the hearing of the final settlement report. *Euler* v. *Euler* (1913), 55 Ind. App. 547, 102 N. E. 856; *Dillman* v. *Barber* (1888), 114 Ind. 403, 16 N. E. 825.

1.

But appellant contends that the final settlement of the guardian who resigns or is discharged and a new guardian appointed, and the trust continued, is not a final settlement within the meaning of the statute, which precludes objections being made to final settlement reports, when the person interested is present at that time

2.

or has received notice to appear and file objections, if any, and cites *State* v. *Parsons* (1896), 147 Ind. 579, 47 N. E. 17, 62 Am. St. 430, and *State* v. *Peckham* (1894), 136 Ind. 198, 36 N. E. 28. These cases hold that such a final report of an outgoing guardian, resigning his trust before settlement of the estate, is not a bar to an action on the bond of such guardian, but such settlement is binding on all persons interested in the estate as to matters properly embraced in the report and its approval by the court.

Although the report which is here sought to be set aside is not a final report of the guardianship, but merely the last report filed by a guardian that resigned, yet it seems apparent to us from the allegations of the complaint that there is an attempt to go behind the final report of the entire guardianship in a collateral attack, without directly attacking it. It is averred that the estate of the ward has been settled. This being the case, there must have been a final report of the guardian who succeeded appellee and this report must have been approved. There could have been no settlement of the estate without such procedure. The time to present error in partial reports is at the time of the final settlement of the guardianship. There are no averments in the complaint of any fraud or concealment, or of any matter that would not be fully adjudicated by the final report of the entire guardianship, and embraced in the final settlement. The complaint does not seek to set aside the final settlement, and would be insufficient for that purpose, since it does not aver that appellant was not notified to appear and was not present at the time of the hearing of the final report. A final report which has been approved cannot be questioned in a collateral proceeding. *Campbell* v. *Smith* (1911), 49 Ind. App. 639, 97 N. E. 954, and cases cited.

There was no error in sustaining the demurrer to the complaint. Judgment affirmed.

Note.—Reported in 113 N. E. 759. See under (2) 21 Cyc 178, 179.